Thomas R. Zumbo et al., Appellants, v Town of Farmington, Respondent.

Fourth Department, January 13, 1978

APPEARANCES OF COUNSEL

*James F. Foley* for appellants.

*Bond, McDonald & Toole (Albert E. Bond* of counsel), for respondent.

### OPINION OF THE COURT

MOULE, J. P.

The issue raised on this appeal is the constitutionality of

section 16-1 of the Farmington Prior Notice Local Law,[1] which provides that no action shall be maintained against the Town of Farmington (town) for injuries resulting from unsafe town property unless actual written notice of the dangerous condition was given to the town and it failed to remove the danger within a reasonable time thereafter.

Plaintiff Thomas Zumbo allegedly was injured on July 7, 1975 while participating in a Town of Farmington Recreational League softball game on a field owned by the town. After service of a timely notice of claim, he and his wife commenced this action against the town claiming damages resulting from the negligent construction and maintenance of the field by the town.

The town served an answer in which it denied the material allegations of plaintiffs' complaint and asserted a single affirmative defense. The defense raised was plaintiffs' failure to comply with the provisions of the Farmington Prior Notice Local Law. Subsequently, plaintiffs moved under CPLR 3211 (subd b) to dismiss the affirmative defense on the ground that the local law violated provisions of the State Constitution. That motion was denied. Following this denial, the town moved for summary judgment inasmuch as plaintiffs admitted noncompliance with the local law. This motion was granted and judgment was entered dismissing plaintiffs' complaint. It is from the order granting the town's motion for summary judgment and the judgment entered thereon that plaintiffs appeal.[2]

Plaintiffs contend that the Farmington Prior Notice Local Law is unconstitutional. In order to challenge successfully such a local law, they must overcome the strong presumption of constitutionality that attaches to this legislative enactment (see *Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11; *People v Judiz*, 38 NY2d 529, 531; *Rochester Poster Adv. Co. v Town of Brighton*, 49 AD2d 273, 275).

Section 2 (subd [c], par [ii], cl [5]) of article IX of the New York State Constitution grants to every local government the power to adopt local laws in relation to the presentation, ascertainment and discharge of claims against it, provided

---

1. Local Law No. 1, 1975, adopted April 8, 1975.

2. This appeal also presents for review the prior order denying plaintiffs' motion to dismiss the town's affirmative defense (CPLR 5501, subd [a], par 1).

such local laws are not inconsistent with the provisions of any general law on the subject. The statutory enactment implementing this constitutional grant (Municipal Home Rule Law, § 10, subd 1) contains this same proviso. The question before this court is whether the Farmington Prior Notice Local Law is inconsistent with any general law relating to the presentation, ascertainment and discharge of claims against the town.

A general law is one which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns, or all villages (NY Const, art IX, § 3, subd [d], par [1]). Among the general laws of the State are section 67 of the Town Law and section 50-e of the General Municipal Law. Section 67 of the Town Law, entitled "Presentation of claims for torts; actions against towns", requires under subdivision 1 thereof that "[a]ny claim including a claim specified in section sixty-five-a[3] of this chapter which may be made against the town * * * for damages * * * shall be made and served in compliance with section fifty-e of the general municipal law." Section 50-e of the General Municipal Law provides for the service of a notice of claim upon a town within 90 days after a tort claim arises. In subdivision 4 of that section it is declared: "Requirements of section exclusive except as to conditions precedent to liability for certain defects or snow or ice.[4] *No other or further notice * * * shall be required as a condition to the commencement of an action or special proceeding for the enforcement of the claim;* provided, however, that nothing herein contained shall be deemed to dispense with the requirement of notice of the defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk * * * where such notice now is, or hereafter may be, required by law, as a condition precedent to liability for damages or injuries to person or property alleged to have been caused by such condition, and the failure or negligence to repair or

---

3. This section provides that no action shall be maintained against any town for damages sustained by reason of "any highway, bridge or culvert" being unsafe, unless actual written or constructive notice of such condition was given to the town, and there was a failure or neglect to repair or remove the danger complained of.

4. This sentence was inserted on September 1, 1976 (L 1976, ch 745, § 2); the remainder of the subdivision is as originally enacted (L 1945, ch 694). The original enactment also provided that "[t]he provisions of section fifty-e of the general municipal law, as added by this act, shall supersede inconsistent provisions of any general, special or local law, or charter provisions, and shall be controlling." (L 1945, ch 694, § 13.)

remove the same after the receipt of such notice." (Emphasis added.)

Section 16-1 of the Farmington Prior Notice Local Law requires that no action shall be maintained against the town for damages sustained by reason of "any highway, bridge, culvert, highway marking, sign or device *or any other property owned, operated or maintained by the town"* (emphasis added) being unsafe, unless actual written notice of such condition was given to the town and there was a failure or neglect within a reasonable time thereafter to repair or remove the danger complained of.

■ A comparison of the relevant provisions of the Town Law and General Municipal Law with section 16-1 of the Town of Farmington Prior Notice Local Law shows that disparate requirements concerning the prior service of a written notice of unsafe condition are set forth. While the general laws applicable to the town provide only that notice of the unsafe condition of a street, highway, bridge, culvert, sidewalk or crosswalk may be required to be given prior to the commencement of an action, section 16-1 of the local law additionally requires notice of the unsafe condition of any other property owned by the town.

■ Where the State has acted upon a subject and, in so acting, has evidenced a desire that its general laws should preempt the possibility of varying local laws, a local enactment may be said to be inconsistent with State law because it prohibits that which has been found acceptable under State law *(People v Cook,* 34 NY2d 100, 109; *People v Lewis,* 295 NY 42; *Matter of Kress & Co. v Department of Health,* 283 NY 55, 59; *Wholesale Laundry Bd. of Trade v City of New York,* 17 AD2d 327, affd 12 NY2d 998; cf. *Sonmax, Inc. v City of New York,* 43 NY2d 253; *Town of Clifton Park v C. P. Enterprises,* 45 AD2d 96). Additionally, where a statute creates provisos or exceptions as to certain matters, the inclusion of such provisos or exceptions is generally considered to deny the existence of others not mentioned (McKinney's Cons Laws of NY, Book 1, Statutes, § 240). Furthermore, requirements of prior written notice of unsafe conditions are in derogation of the common law, and as such should not have any extension written into them (see *Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 365).

■ Here, the town property on which plaintiff Thomas Zumbo allegedly was injured was a recreational playing field.

Under the general laws of the State it is clear that no prior written notice of the unsafe condition of the field was required in order for plaintiffs to bring their action against the town. To the extent that section 16-1 of the Farmington local law requires such notice, it is inconsistent with the general laws governing requirements of prior notice of unsafe condition and is, therefore, unconstitutional (see *F. T. B. Realty Corp. v Goodman*, 300 NY 140, 148; cf. *Schiavone v County of Nassau*, 41 NY2d 844, affg 51 AD2d 980).

Plaintiffs' motion to dismiss the town's affirmative defense based upon this local law should have been granted and, accordingly, the order granting the town's motion for summary judgment and the judgment entered thereon should be reversed.

CARDAMONE, SIMONS, HANCOCK, JR., and DENMAN, JJ., concur.

Order and judgment unanimously reversed, with costs, and plaintiff's motion to dismiss affirmative defense granted.