OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiff for an order dismissing a second affirmative defense of the defendant, Town of Ghent, on the ground that the local law on which said defense is predicated is void as unconstitutional.
Plaintiff, Peter E. Klimek, allegedly was injured on July 19, 1978, while operating a tractor with a trailing wagon on Harlemville Road in the Town of Ghent. He and his father commenced this claim against the defendant town claiming damages resulting from the negligent construction and main *894 tenance of the road, shoulders and drainage system and appurtenances thereto.
The town served an answer in which it denied the material allegations of plaintiffs complaint and asserted a second affirmative defense. The defense raised was that plaintiff failed to comply with the provisions of the town’s Local Law No. 1 which provides that written notice must be given to the town at least 24 hours previous to the happening of any injury of the defect complained of.
The plaintiff contends that the Town of Ghent’s prior notice law is unconstitutional in that it goes beyond the specific enumerated provisions of the pertinent general laws governing tort claims against towns.
The court must agree with the contention of the plaintiff. The New York State Constitution grants to every local government the power to adopt local laws in relation to the presentation and discharge of claims against it, provided such local laws are not inconsistent with the provisions of any general law on the subject. The Municipal Home Rule Law (§ 10, subd 1) which is the statutory enactment implementing this constitutional grant contains this same proviso.
Among the general laws of the State are section 65-a of the Town Law and section 50-e of the General Municipal Law. Section 65-a of the Town Law provides that no action shall be maintained against any town for damages sustained by reason of "any highway, bridge or culvert” being unsafe, unless actual written or constructive notice of such condition was given to the town, and there was a failure or neglect to repair or remove the danger complained of.
Section 50-e provides: "Notice of Claim. * * * 4. Requirements of section exclusive except as to conditions precedent to liability for defects or snow or ice. No other or further notice, no other or further service, filing or delivery of the notice of claim, and no notice of intention to commence an action or special proceeding, shall be required as a condition to the commencement of an action or special proceeding for the enforcement of the claim; provided, however, that nothing herein contained shall be deemed to dispense with the requirement of notice of the defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk, or of the existence of snow or ice thereon, where such notice now is, or hereafter may be, required by law, as a condition precedent to liability for *895 damages or injuries to person or property alleged to have been caused by such condition, and the failure or negligence to repair or remove the same after the receipt of such notice.”
Local Law No. 1 of the Town of Ghent requires that no action shall be maintained against the town for damages sustained by reason of any "highway, bridge, culvert, highway marking, sign or device, or any other property owned, operated or maintained by the Town” being unsafe unless actual written notice of such unsafe condition was given to the town and there was a failure or neglect within a reasonable time thereafter to repair or remove the danger complained of.
A comparison of the relevant provisions of the Town Law and General Municipal Law with Local Law No. 1 of the Town of Ghent shows that different requirements concerning the prior service of a written notice of unsafe condition are set forth. The local law additionally requires notices of the unsafe condition of any other property owned by the town. The local enactment is thus inconsistent with the General Law because it prohibits that which has been found acceptable under the General Law. (Zumbo v Town of Farmington, 60 AD2d 350.)
The defendant’s reliance on Fullerton v City of Schenectady (285 App Div 545, affd 309 NY 701) is misplaced as that case in not contrary to the result reached here. The court in that case upheld the Schenectady local law in question because the statute (Second Class Cities Law) specifically permitted the supersession of any of its provisions by local laws. Otherwise that court would have held it invalid.
To the extent that Local Law No. 1 of the Town of Ghent requires additional requirements of the prior service of a written notice of unsafe conditions, it is unconstitutional (see F. T. B. Realty Corp. v Goodman, 300 NY 140, 148; Schiavone v County of Nassau, 41 NY2d 844), and the plaintiff’s motion is therefore granted.