CHARLES F. KLIMEK, Individually and as Father and Natural Guardian of PETER E. KLIMEK, an Infant, Respondent, v TOWN OF GHENT, Appellant, et al., Defendants.

Third Department, December 27, 1979

## APPEARANCES OF COUNSEL

*Connor, Curran, Connor, Flint & Schram (Theodore Guterman, II, of counsel)*, for appellant.

*McClung, Peters & Simon (Robert E. Simon of counsel)*, for respondent.

## OPINION OF THE COURT

MAIN, J.

On July 19, 1978, the infant Peter E. Klimek, age 13, was allegedly seriously injured while operating a tractor with a trailing wagon on Harlemville Road in the Town of Ghent. The mishap allegedly occurred when a front wheel of the tractor dropped into a depression above a culvert, with the result that the tractor, the wagon and the infant operator were thrown down into a meadow below the road. As a consequence of the accident, the boy's father commenced the present action and in his complaint alleged that his son's injuries resulted from, *inter alia,* the negligence of the Town of Ghent in the construction and maintenance of the road, the road's shoulders and drainage system and the appurtenances thereto. In its answer the town asserted as an affirmative defense that it could not be liable to plaintiff in this case because there had been no compliance with the town's Local Law No. 1 of 1976. That law provides, in pertinent part, that no civil action shall be maintained against the town for injuries resulting from any property of the town being defective, out of repair, unsafe, dangerous or obstructed unless, prior to the occurrence of the injuries, the town shall have been given actual written notice of the condition complained of and shall have failed or neglected within a reasonable time to repair or remove the condition.

At Special Term, plaintiff moved for an order dismissing this affirmative defense upon the ground that the local law is unconstitutional and, therefore, void. Agreeing with this argu-

ment, the court granted plaintiff's motion, and it premised its decision upon the fact that the challenged law is inconsistent with the general laws of the State, i.e., section 65-a of the Town Law and section 50-e of the General Municipal Law, in that it requires prior service upon the town of a written notice of an unsafe condition. This appeal followed.

We hold that Special Term's order should be reversed and, in so ruling, would initially note that an exceedingly strong presumption of constitutionality attaches even to a local law (*Lighthouse Shores v Town of Islip,* 41 NY2d 7). We also find no inconsistency between Local Law No. 1 and section 50-e of the General Municipal Law, as the latter statute merely provides, in pertinent part, that it does not serve to dispense with any notice requirement relative to unsafe conditions which may otherwise be required by law. Additionally and most significantly, the Legislature has expressly authorized each town in the State to adopt local laws amending or superseding provisions of the Town Law relating to the property, affairs or government of the individual town unless the Legislature shall have expressly prohibited the adoption of such a local law (Municipal Home Rule Law, § 10, subd 1, par [ii], cl d, subcl [3]). Pursuant to this grant of power, the Town of Ghent acted in this instance to make prior written notice of the condition complained of a condition precedent to the maintenance of an action such as the present one and to extend the written notice requirement to the dangerous condition of any property owned, operated or maintained by the town. Such being the case and there being no legislation prohibiting such an enactment, Local Law No. 1 plainly passes constitutional muster even though the superseded section 65-a of the Town Law relates only to specified property, i.e., unsafe highways, bridges and culverts, and constructive notice was sufficient thereunder. Accordingly, the dismissal of the town's affirmative defense was improvident and the challenged order cannot be permitted to stand (cf. *Fullerton v City of Schenectady,* 285 App Div 545, affd 309 NY 701, app dsmd 350 US 980; see, also, *Rozler v Franger,* 61 AD2d 46, affd 46 NY2d 760).

The order should be reversed, on the law, without costs, the affirmative defense reinstated, and the matter remitted for further proceedings not inconsistent herewith.

MAHONEY, P. J., GREENBLOTT, MIKOLL and HERLIHY, JJ., concur.

Order reversed, on the law, without costs, the affirmative defense reinstated, and matter remitted for further proceedings not inconsistent herewith.