■ Ronald N. Canzano, Respondent, v Town of Gates, Appellant. — Order unanimously reversed, on the law, without costs, and motion denied. Memorandum: In its answer to a complaint seeking recovery for injuries incurred because of the alleged negligent design, construction, maintenance and repair of the shoulder of a road, defendant interposed the affirmative defense of noncompliance with Local Law No. 1 of 1977 of the Town of Gates. Local Law No. 1 provides that no civil action may be maintained against the town for injuries suffered by reason of a defective highway unless written notice of the defect was actually given to the town clerk or the superintendent of highways,

and the town thereafter neglected to repair the defect. Plaintiff moved to strike the affirmative defense and Special Term granted the motion. There must be a reversal. While Local Law No. 1 of 1977 of the Town of Gates is more restrictive than the notice requirements contained in section 65-a of the Town Law, the Legislature has expressly authorized towns to adopt local laws amending or superseding provisions of the Town Law relating to the property, affairs or government of the particular town, unless the Legislature shall have expressly prohibited the adoption of such local law (Municipal Home Rule Law, § 10, subd 1, par [ii], cl d, subcl [3]; *Klimek v Town of Ghent,* 71 AD2d 359; see, also, *Rozler v Franger,* 61 AD2d 46, affd 46 NY2d 760). This is so even though the local law is inconsistent with the superseded general law (*Rozler v Franger, supra*). The Legislature has not prohibited the adoption of local laws such as the one here at issue and defendant is entitled to interpose the law as a defense. (Appeal from order of Monroe Supreme Court, Livingston, J. — dismiss affirmative defense.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Moule, JJ.