■ GORMAN RICH, Respondent, v TOWN OF QUEENSBURY, Appellant. — Appeal from an order of the County Court of Warren County (Moynihan, Jr., J.), entered December 10, 1981, which denied defendant's motion to dismiss the complaint. In the instant action, plaintiff seeks recovery for property damage incurred because of the alleged negligent maintenance of an intersection by defendant Town of Queensbury. According to the stipulated facts, the condition complained of consisted of the town's failure to have a stop sign in place at the intersection where, on September 21, 1979, plaintiff's automobile collided with another automobile. Further, for the purposes of this appeal, defendant has stipulated that although the stop sign was required by town ordinance to be in place at the intersection, it was not in place at the time of the accident. Moreover, it is stipulated that no prior written notice that the stop sign was not in place had been provided to the town. Defendant moved for an order dismissing the complaint upon the ground that it could not be liable to plaintiff in this case because there had been no compliance with the town's Local Law No. 2 of 1977. That law provides, *inter alia,* that no civil action shall be maintained against the town for injuries to person or property resulting from any "highway, bridge, culvert, highway marking, sign or device, or any other property owned, operated or maintained by the Town" being defective, out of repair, unsafe, dangerous or obstructed unless, prior to the occurrence of the injuries, the town shall have been given actual written notice of the condition complained of and shall have failed or neglected within a reasonable time to repair or remove the condition. County Court denied the motion to dismiss and the instant appeal ensued. Plaintiff contends that County Court should be affirmed since Local Law No. 2 is invalid. Specifically, plaintiff contends that Local Law No. 2 is unconstitutional because it is inconsistent with the general laws of the State, i.e., sections 65-a and 67 of the Town Law and section 50-e of the General Municipal Law, in that it requires prior service upon the town of a written notice of the condition complained of. This argument, however, has consistently been rejected and local town laws, such as Local Law No. 2, requiring prior written notice have been upheld (see *Canzano v Town of Gates,* 85 AD2d 878; *Klimek v Town of Ghent,* 71 AD2d 359). Consequently, since Local Law No. 2 is expressly applicable to highway signs and notice was not given to the town, this action must be dismissed. Order reversed, on the law, without costs, and motion to dismiss complaint granted. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.