OPINION OF THE COURT
Jasen, J.
The issue raised by this appeal is whether a local law which makes prior written notification of a dangerous condition or defect a condition precedent to maintaining a suit against the county conflicts with the general State law which imposes liability on the county for injuries caused by unsafe or improperly maintained highways so that it must be declared unconstitutional.
Plaintiff Leona Holt brought this action against the County of Tioga to recover actual and punitivé damages for injuries she sustained in a one-vehicle accident on a county-owned highway. In her complaint, she alleged that the shoulder of the highway was defective because it was lower than the paved portion of the highway and that this defect caused her to lose control of her truck and strike a tree. She also alleged that the county failed to inspect or repair the road and was thus grossly negligent.
The county raised, in its answer, the affirmative defense that the plaintiff did not plead or prove compliance with Tioga County Local Law No. 2 of 1978 and moved to dismiss the complaint. Plaintiff moved for a day certain and in response to the defendant’s motion to dismiss, *417 plaintiff asserted that she had complied with Local Law No. 2, that the county should be estopped from raising the issue and that the local law was unconstitutional. Special Term granted plaintiff’s motion tq the extent of setting a trial date and denied, without comment, defendant’s motion to dismiss.
The county brought an appeal from' that order. The Appellate Division ordered the affirmative defense in question struck on the ground that Local Law No. 2 was unconstitutional. In so holding, the Appellate Division stated that although there is a strong presumption that local laws are constitutional, a local law cannot stand if it conflicts with a general law passed by the State Legislature. Because section 139 of the Highway Law, a general law, imposes liability on counties without reference to any prior notification requirements, the Appellate Division reasoned that any local law which imposes a condition precedent is inconsistent and, thus, unconstitutional. The Appellate Division granted leave to appeal to this court on a certified question so that we might consider whether the Appellate Division correctly found Local Law No. 2 to be unconstitutional. For the reasons that follow, we hold Local Law No. 2 to be constitutional.
When a locality exercises the legislative power delegated to it by the State Constitution, there is an “exceedingly strong presumption” that the local law enacted is constitutional. (Lighthouse Shores v Town of lslip, 41 NY2d 7, 11.) In order to defeat that presumption of validity, a party must show that the local law in question is inconsistent with either provisions of the State Constitution or with a general law enacted by the State Legislature.
Local governments, including counties, are authorized by the State Constitution to “adopt and amend local laws * * * relating to * * * [t]he presentation, ascertainment and discharge of claims against it [or] [t]he acquisition, care, management and use of its highways, roads, streets, avenues and property.” (NY Const, art IX, § 2, subd [c], par [ii], els [5], [6].) This constitutional authority is implemented by identical provisions in subdivision 1 of section 10 of the Municipal Home Rule Law. Section 3 of article IX further provides that: “Rights, powers, privileges and im *418 munities granted to local governments by this article shall be liberally construed.” (NY Const, art IX, § 3, subd [c].) But section 2 of article IX also restricts the power granted local governments by providing that only laws which are “not inconsistent with the provisions of this constitution or any general law” may be enacted. A general law is defined by article IX (§ 3, subd [d], par [1]) as one “which in terms and effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages.” Thus, the specific question raised by this appeal is whether the local law in question is inconsistent with either the Constitution or any general law. Since this appeal arises on a certified question, our review is limited to whether Local Law No. 2 is unconstitutional, as the Appellate Division found, because its provisions are inconsistent with section 139 of the Highway Law.
Local Law No. 2 provides in pertinent part that: “No civil action shall be maintained against the County of Tioga * * * for damages or injuries to persons or property sustained by reason of any highway, bridge or culvert being defective, out of repair, unsafe, dangerous or obstructed unless written notice of such defective, unsafe, dangerous or obstructed condition of such highway, bridge or culvert was actually given to the County Clerk or County Superintendent of Highways, and that there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of”.
Section 139 of the Highway Law, a general law because it applies to all counties in the State, provides that when “a county has charge of the repair or maintenance of a road, highway, bridge or culvert, the county shall be liable for injuries to person or property * * * but the county shall not be liable in such action unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law”. The notice procedure to be used in maintaining a civil action against the county is thus controlled by section 50-e of the General Municipal Law.
That statute requires that in a tort action a notice of claim must be filed within 90 days of when the claim arose. *419 Subdivision 4 of section 50-e further provides: “Requirements of [this] section [are] exclusive except as to conditions precedent to liability for certain defects or snow or ice. No other or further notice * * * shall be required as a condition to the commencement of an action or special proceeding * * * provided, however, that nothing herein contained shall be deemed to dispense with the requirement of notice of the defective, unsafe, dangerous or obstructed condition of any street, highway * * * where such notice now is, or hereafter may be, required by law, as a condition precedent to liability”.
Reading these statutes together, we do not find Local Law No. 2 to be inconsistent with section 139 of the Highway Law. Local Law No. 2 speaks to the notification required as a condition precedent to maintaining a civil action against a county for negligent maintenance of county highways. Section 139 of the Highway Law has the sole effect of imposing liability on counties for injuries caused by unsafe or improperly maintained highways. As to the procedure necessary to commence an action, section 139 of the Highway Law defers to section 50-e of the General Municipal Law. Subdivision 4 of section 50-e of the General Municipal Law specifically allows for the enactment of prior notification statutes and requires compliance with such laws. There is no indication in the statutory language that the Legislature in any way intended to limit that provision’s applicability. The statutory language makes no distinction between general laws and local laws; it must be read to apply alike to all laws enacted by any legislative body in this State. Similarly, section 139 of the Highway Law contains no provision that can be read to limit the applicability of section 50-e of the General Municipal Law or to bar local laws which impose conditions precedent to maintaining an action against a county. Thus, it cannot be said that the Legislature intended to preclude counties from enacting prior notification statutes when, pursuant to section 139 of the Highway Law, it imposed liability on the counties.
While it is true that prior notification provisions such as Local Law No. 2 are most often designed to bar claims which would otherwise be authorized, that alone is not *420 adequate to overcome the presumption of constitutionality. It cannot be said that statutes enacted under this grant of legislative authority are inconsistent with general laws which merely impose liability but do not speak to the presentation of claims. Rather, it appears that by not specifically addressing the question of prior notification, the Legislature deferred to the judgment of local governments.
In the past, when this court has considered the constitutionality of other prior notification statutes, which were also enacted pursuant to similar delegations of legislative authority, we have found them to be constitutional. In Fullerton v City of Schenectady (285 App Div 545, affd 309 NY 701, app dsmd 350 US 980), this, court affirmed, without opinion, the order of the Appellate Division which dismissed plaintiff’s complaint on the ground that the failure to comply with the City of Schenectady’s prior notification statute meant that the action could not be pursued. In so holding, the Appellate Division found that Schenectady’s prior notification law was authorized by the home rule amendment to the State Constitution, and by both the City Home Rule Law and the Second Class Cities Law. The decision in Fullerton (supra) was based, in part, on this court’s decision in MacMullen v City of Middletown (187 NY 37) in which we held a prior notification provision in a municipal charter to be a valid exercise of legislative power. We see no reason to deviate from those holdings. In this case, as in those, the Legislature has deferred to the localities to determine what notice is required. The County of Tioga, which “exercise[s], by delegation, a portion of the sovereign power” (MacMullen v City of Middletown, supra, at p 41), acted within its constitutionally mandated powers in enacting Local Law No. 2. Neither section 139 of the Highway Law nor section 50-e of the General Municipal Law indicate any intention by the Legislature to restrict the county’s constitutionally delegated powers or to bar prior notification statutes.
Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, and the second affirmative defense should be reinstated. The question certified should be answered in the negative.