■ MARION H. WARING et al., Appellants, v CITY OF SARATOGA SPRINGS, Respondent, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered August 12, 1982 in Saratoga County, which granted defendant City of Saratoga Springs motion to dismiss plaintiffs' complaint as against it. On September 3, 1980, plaintiff Marion H. Waring fell and sustained injuries while walking on a sidewalk on Granger Avenue in defendant City of Saratoga Springs (hereinafter city). The sidewalk is on property owned by defendant Enlarged City School District of the City of Saratoga Springs (hereinafter school district), but, pursuant to an agreement between defendant school district and defendant city, defendant city was responsible for the maintenance of the property. Plaintiffs thereafter commenced an action alleging that defendants were negligent in the design, installation, maintenance, inspection, and repair of the sidewalk. Defendant city answered, asserting, *inter alia,* that plaintiffs' action was barred because plaintiffs failed to comply with section 55 of the City Charter of the City of Saratoga Springs, which requires, as a condition precedent to an action alleging that a sidewalk was in disrepair or unsafe, prior written notice of such defect to the commissioner of public works of the city. Defendant city moved for judgment dismissing the complaint against it. Special Term granted the motion and this appeal ensued. It is settled law that requirements of written notice, such as those contained in section 55 of the City Charter of the City of Saratoga Springs, can be validly imposed by a municipality (*Holt v County of Tioga,* 56 NY2d 414, 420; *Canzano v Town of Gates,* 85 AD2d 878, 879). Thus, absent written notice, the city is liable only for affirmative negligence (*Siddon v Fishman Co.,* 65 AD2d 832, 833, mot for lv to app den 46 NY2d 714; *Drzewiecki v City of Buffalo,* 51 AD2d 870, 871; *Ellis v City of Geneva,* 259 App Div 502, affd 288 NY 478). In this case, there is no allegation that prior written notice of the alleged defective condition of the sidewalk was served. Moreover, an affidavit by the city's commissioner of public works indicates that notice, as required by section 55, had never been given, and there is no evidence which contradicts the sworn statement of the city official. Noting that no prior written notice is required where there is affirmative negligence by the municipality or where the defect is created by the municipality (see *Siddon v Fishman Co., supra*), plaintiffs contend that prior notice is not required in this case. However, there is no evidence that defendant city was affirmatively negligent or created the defective condition. The mere fact that prior repairs to the sidewalk area failed to permanently solve any defect is an inadequate basis to hold the prior written notice requirement inapplicable (see *Heywood v City of Buffalo,* 18 AD2d 770). We have examined plaintiffs' remaining contentions and find them unpersuasive. The order should be affirmed. Order affirmed, with costs. Kane, J. P., Casey, Yesawich, Jr., and Levine, JJ., concur.