■ AMSTERDAM BRUSH CORPORATION, Respondent, v CITY OF AMSTERDAM, Appellant. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered August 5, 1983 in Montgomery County, which denied defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff owns property on which it operates a factory in defendant City of Amsterdam, Montgomery County. Bunn Creek flows from defendant's reservoir through private and city property, including an abandoned city swimming pool, and onto plaintiff's property, where the creek flows under plaintiff's factory. On March 21, 1980, following a heavy rainfall, Bunn Creek flooded plaintiff's property causing extensive damage. Plaintiff commenced this action alleging that the flooding occurred when a natural dam was formed where the creek passes under plaintiff's factory after debris, which had accumulated on defendant's property because of defendant's negligence, was washed downstream.

Defendant denied the material allegations of the complaint and moved to dismiss for failure to state a cause of action because plaintiff had failed to comply and allege compliance with section 19.02 of the City Charter of the City of Amsterdam. This section requires, as a condition precedent to an action against defendant alleging a dangerous or defective condition "of any street, highway, alley, bridge, culvert, sidewalk, crosswalk or any public place", prior written notice of such condition to defendant's director of public works and city clerk. Special Term denied defendant's motion and this appeal followed.

Defendant claims that because plaintiff has not alleged any affirmative acts of negligence by defendant, the written notice requirement imposed by the city charter must be complied with before a civil action can be maintained and that the absence of such notice requires dismissal of the complaint (see e.g., *Waring v City of Saratoga Springs,* 92 AD2d 1080). Subdivision 4 of section 50-e of the General Municipal Law permits a public corporation to require notice of a "defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk * * * as a condition precedent to liability for damages or injuries * * * alleged to have been caused by such condition". Defendant's city charter goes further and requires notice for dangerous or defective conditions of "any public place" in addition to "any street, highway, alley, bridge, culvert, sidewalk, [and] crosswalk".

The inclusion of "any public place" would seem to render defendant's notice requirement unconstitutional under the holding of *Zumbo v Town of Farmington* (60 AD2d 350).* Even local laws, however, enjoy a strong presumption of constitutionality (*Lighthouse Shores v Town of Islip,* 41 NY2d 7, 11) and should be construed in a manner that upholds the constitutionality of the enactment (McKinney's Cons Laws of NY, Book 1, Statutes, pp 321-325). We recognize that the general phrase "any public place" is preceded by words of specific enumeration and, by applying the rule of *ejusdem generis,* it is apparent that the general phrase can be limited by the specific words (see McKinney's Cons Laws of NY, Book 1, Statutes, pp 407-411). Accordingly, the phrase "any public place" must refer to any other public property over which the public is afforded access for travel.

Construing the ordinance in this manner, we are of the view that written notice was not required prior to the commencement of this action. Although the flooding which damaged plaintiff's property apparently occurred at a bridge or culvert, which are included in the city charter prior notice requirement of defendant's city charter, the dangerous or defective condition is alleged to have occurred upstream at the abandoned city swimming pool and at other areas along the creek. These locations are not included under the city charter's prior written notice requirement and prior written notice to defendant was not a condition precedent to the commencement of this action.

In reaching this conclusion, we recognize that defendant owed plaintiff no special duty and that defendant cannot be liable on such ground (see, e.g., *Garrett v Holiday Inns,* 58 NY2d 253, 261-262), or for failing to restrain the waters of the creek or to keep the channel free from obstructions it did not cause (see, e.g., *O'Donnell v City of Syracuse,* 184 NY 1). Defendant is obligated, though, to maintain a channel it creates (see, e.g., *Office Park Corp. v County of Onondaga,* 64 AD2d 252, 258-259, affd 48 NY2d 765). Plaintiff alleges that the condition of the abandoned city pool contributed to the accumulation of debris which caused the flooding. Because of defendant's responsibilities with regard to its pool, which is alleged to be part of the creek, we agree with

---

* Although the specific holding of *Zumbo* vis-à-vis the authority of a town to enact prior written notice ordinances was affected by the Legislature's enactment of section 10 (subd 1, par [ii], cl d, subcl [3]) of the Municipal Home Rule Law (see *Klimek v Town of Ghent,* 71 AD2d 359), there is no comparable legislation vis-à-vis a city's authority to enact such ordinances. Accordingly, the general principle of *Zumbo,* to the effect that ordinances which are broader than subdivision 4 of section 50-e of the General Municipal Law fail to meet constitutional muster, remains applicable to the instant situation.

Special Term that plaintiff's allegations are sufficient to withstand a motion to dismiss.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.