OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioners seek a judgment invalidating Laws of 1985 (chs 549, 929), on *568 the grounds that they are irrational, illegal and unconstitutional.
The statutes in question amended the Vehicle and Traffic Law and provided a system of gross vehicle weight limits for trucks, tractor trailers and semitrailers on New York State’s highway system, the issuance of permits therefor and penalties for violations thereof. The amendments established a two-region system of permits for trucks, tractor trailers and semitrailers carrying divisible loads for the "downstate” region consisting of New York City and the counties coming within the Metropolitan Transportation Authority area (hereinafter referred to as MTA), namely, Nassau, Suffolk, Westchester, Rockland, Orange, Putnam and Dutchess Counties and the "upstate” region consisting of the rest of the State of New York.
The petitioners allege that State or municipally owned vehicles are being treated by respondents as exempt from the statutory amendments’ vehicle size, weight and related limitations, and from the fine and penalty provisions of the statutes, although the statutes have no such exclusionary language under the purported applicability of existing Vehicle and Traffic Law § 385 (17-a), which petitioners claim are discriminatory and unconstitutional.
Further, petitioners allege that the New York State Department of Transportation (DOT) rules and regulations promulgated under the two statutory amendments go considerably further than the statutes themselves, without legal authority.
The petitioners contend that the statutes are unconstitutional in that they violate petitioners’ rights to equal protection of the laws and to due process under the US Constitution 14th Amendment and analogous provisions of NY Constitution and they violate the commerce clause of the Constitution.
This court cannot agree with the contentions of the petitioners. A strong presumption exists in favor of the constitutionality of a legislative enactment. It is incumbent upon the petitioners to rebut the constitutionality beyond a reasonable doubt (Zumbo v Town of Farmington, 60 AD2d 350; People v Judiz, 38 NY2d 529). As the Court of Appeals held in Lighthouse Shores v Town of Islip (41 NY2d 7, 11-12): "While this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt and only as a last resort should courts strike down legislation on the ground of unconstitutionality. The ordinance may not be arbitrary. It must be *569 reasonably related to some manifest evil which, however, need only be reasonably apprehended. It is also presumed that the legislative body has investigated and found the existence of a situation showing or indicating the need for or desirability of the ordinance, and, if any state of facts known or to be assumed, justifies the disputed measure, this court’s power of inquiry ends.”
Here, there is a wholly rational and reasonable basis for this legislation. The legislation carefully regulates the maximum gross weight of trucks allowed to travel the roads and bridges of our State and allows for varying weights, depending on the wheel configurations, length of the truck and geographic area in which the truck will travel. Greater weights are allowed in the "downstate” area because restrictive weight limitations cause a disproportionately greater increase in travel time and construction costs downstate due to the greater trafile congestion in that area. Accordingly, less severe restrictions are imposed in the downstate area. The instant legislation reflects a rational policy designed to preserve our highways and bridges with minimal increases in construction costs.
Further, petitioners have failed to prove that the legislation violates the Federal National Environmental Policy Act and/ or the State Environmental Quality Review Act.
The petition is denied.