ROBERT J. BARSH et al., Respondents, v TOWN OF UNION, Appellant.

Third Department, April 2, 1987

## APPEARANCES OF COUNSEL

*Levene, Gouldin & Thompson (Michael R. Wright* of counsel), for appellant.

*Kenneth P. Helisek* for respondents.

## OPINION OF THE COURT

MIKOLL, J.

Plaintiffs commenced this action on or about June 12, 1985 to recover money damages against defendant for injuries to their property arising when an underground sewer line owned by defendant backed up into the basement of their home. Defendant moved for dismissal of the complaint pursuant to CPLR 3211 (a) (7) or, in the alternative, for summary judgment pursuant to CPLR 3212, based on plaintiffs' failure to comply with Local Laws, 1975, No. 2 of the Town of Union (hereinafter Local Law No. 2) requiring service of a written notice of defect on defendant as a condition precedent to the commencement of this action. Supreme Court found Local Law No. 2 to be constitutional. However, the court, in applying the rule of *ejusdem generis,* held this local law inapplicable to underground sewer lines and, therefore, denied defendant's motion. This appeal ensued.

The order denying defendant's motion should be affirmed. Supreme Court did not err in ruling that service of a written notice of defect was not a condition precedent to plaintiffs' action. Issues of fact are also presented which require a trial of the action *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231).

This appeal turns upon the construction to be given Local Law No. 2, which provides, insofar as pertinent: "No civil action shall be maintained against the Town of Union or the Town Superintendent of Highways of the Town of Union for damages or injuries to person or property sustained by reason of any highway, bridge, culvert, *or any other property* owned by the Town of Union, being defective, out of repair, unsafe, dangerous or obstructed unless written notice of such * * * condition of such highway, bridge, culvert, or any other prop-

erty owned by the Town of Union was actually given to the Town Clerk of the Town of Union or the Town Superintendent of Highways of the Town of Union" (Local Laws, 1975, No. 2 of Town of Union § 1; emphasis supplied). Initially, we note that Supreme Court properly found Local Law No. 2 to be constitutional. The fact that it requires prior written notice in situations not covered by General Municipal Law § 50-e or Town Law § 65-a does not render it inconsistent, since none of its provisions are in direct conflict with those general laws, although they are more expansive *(see, Lighthouse Shores v Town of Islip,* 41 NY2d 7, 11; *see also, Klimek v Town of Ghent,* 71 AD2d 359; *but cf., Zumbo v Town of Farmington,* 60 AD2d 350).

Supreme Court properly found the rule of *ejusdem generis* applicable in this situation. This rule of statutory construction requires the court to limit general language of a statute by specific phrases which precede it (McKinney's Cons Laws of NY, Book 1, Statutes, at 407-411). In *Amsterdam Brush Corp. v City of Amsterdam* (105 AD2d 881), we found that "any public place" referred to public property over which the public was afforded access and held the prior written notice requirement inapplicable to the alleged dangerous or defective condition of an abandoned city swimming pool.

In the case at bar, the phrase "any other property" follows words of specific import, namely "highway, bridge, or culvert", making application of the rule particularly appropriate. As the specific words refer to property above ground and exposed to public view, it is proper to so limit its meaning. This interpretation is consistent with other aspects of Local Law No. 2. The title of the local law addresses defects *on defendant's property.* The Superintendent of Highways is named as a potential defendant and a later provision speaks of defendant's duty to "keep its streets, sidewalks and public places in a reasonably safe condition for public use and travel" (Local Laws, 1975, No. 2 of Town of Union § 5).

Finally, since Local Law No. 2 requires service of a written notice of defect prior to the commencement of an action in derogation of the common law, a strict construction of the law limiting its application is warranted *(see, Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 365).

MAIN, J. P., CASEY, WEISS and HARVEY, JJ., concur.

Order affirmed, with costs.