[598 NYS2d 550]

CHARLES WALKER et al., Appellants, v TOWN OF HEMPSTEAD, Respondent.

Second Department, June 1, 1993

**APPEARANCES OF COUNSEL**

*DiJoseph, Portegello & Schuster,* New York City *(Arnold E. DiJoseph* and *Alan H. Greenberg* of counsel), for appellants.

*Rivkin, Radler, Bayh, Hart & Kremer,* Uniondale *(Edward J. Hart, Evan H. Krinick* and *John M. Denby* of counsel), for respondent.

**OPINION OF THE COURT**

BRACKEN, J. P.

In this case, the plaintiffs argue that a local "notice of defect" law (Local Laws, 1988, No. 90 of Town of Hempstead [hereinafter Town of Hempstead Code § 6-2]) is inconsistent with a general law of State-wide applicability (General Municipal Law § 50-e [4]), and that the local law is, therefore, invalid. The defendant Town of Hempstead argues that no such inconsistency exists. We conclude that the terms of the two enactments are indeed inconsistent, but that this circumstance alone does not render the local law invalid. The Town

of Hempstead may supersede State law in this area *(see,* Municipal Home Rule Law § 10 [1] [ii] [d] [3]), but only upon substantial compliance with the procedures outlined in Municipal Home Rule Law § 22 (1). Because such compliance has not been alleged or proven in this case, we reverse the judgment of the Supreme Court and deny the Town's motion for summary judgment.

On May 17, 1987, the plaintiff Charles Walker was injured on a municipal paddleball court at Malibu Beach Club. He later brought the present personal injury action against the Town of Hempstead, which owns the property.

The defendant Town moved for summary judgment on the basis that pursuant to a local law (Town of Hempstead Code § 6-2), the Town could not be subject to liability on account of the allegedly dangerous paddleball court because the Town had not been given prior written notice of any defect. The plaintiff opposed the motion, arguing that the Town's local law, to the extent that it requires prior written notices of defect in connection with paddleball court accidents, is inconsistent with General Municipal Law § 50-e (4).

The Supreme Court granted the motion for summary judgment and dismissed the complaint. The court, citing *Klimek v Town of Ghent* (71 AD2d 359) and *Rich v Town of Queensbury* (88 AD2d 1027), held that there was no inconsistency between the local law and the general State law now under review. This appeal by the plaintiff followed.

The local law under review in this case (Town of Hempstead Code § 6-2) provides as follows:

"§ 6-2. Damages due to certain town property being defective; notice to town required.

"No civil action shall be maintained against the Town of Hempstead for damages or injuries to persons or property sustained by reason of any defective parking field, beach area, swimming or wading pool or pool equipment, playground or playground equipment, skating rink or park property, no matter where situated, being defective, out-of-repair, unsafe, dangerous or obstructed unless written notice of, by the witness to, the defective, unsafe, dangerous or obstructed condition of such parking field, beach area, swimming or wading-pool or pool equipment, playground or playground equipment, skating rink or park property was actually served upon the Town Clerk in accordance with § 6-4 hereof and there was a failure or neglect within a reasonable time after

the giving of such notice to repair or remove the defect, danger or obstruction complained of. Under no circumstances shall the Town of Hempstead be liable for injuries or damages to persons or property due to defective conditions of the aforesaid town property in the absence of such prior written notice to the town of the existence of the defective condition causing said injuries for damages".

It is the plaintiff's essential argument that this local law is invalid insofar as it is inconsistent with the terms of General Municipal Law § 50-e (4), which governs notices of claim. General Municipal Law § 50-e (4) provides as follows: "4. Requirements of section exclusive except as to conditions precedent to liability for certain defects or snow or ice. *No other or further notice,* no other or further service, filing or delivery of the notice of claim, and no notice of intention to commence an action or special proceeding, *shall be required as a condition to the commencement of an action* or special proceeding for the enforcement of the claim; *provided, however, that nothing herein contained shall be deemed to dispense with the requirement of notice of the defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk, or of the existence of snow or ice thereon,* where such notice now is, or hereafter may be, required by law, as a condition precedent to liability for damages or injuries to person or property alleged to have been caused by such condition, and the failure or negligence to repair or remove the same after the receipt of such notice" (emphasis supplied).

As emphasized by the plaintiff on appeal, this statute can be read so as to provide that "[n]o other or further notice [other than the notice of claim] * * * shall be required as a condition to the commencement of an action * * * [except that notices of defect are allowed with respect to any accidents which occur on] any street, highway, bridge, culvert, sidewalk or crosswalk". So read, this statute would invalidate any local law which requires the service or filing of a written notice of defect as a condition precedent to municipal tort liability in cases of accidents which arise out of allegedly defective municipal properties, when the properties in question do not constitute highways, streets, bridges, culverts, sidewalks, or crosswalks.

General Municipal Law § 50-e (4) applies to towns (as does the remainder of General Municipal Law § 50-e for that matter) by virtue of Town Law § 67, which provides as follows:

"§ 67. Presentation of claims for torts: actions against towns

"1. *Any claim* including a claim specified in section sixty-five-a of this chapter *which may be made against the town* or town superintendent of highways for damages for wrong or injury to person or property or for the death of a person, *shall be made and served in compliance with section fifty-e* of the general municipal law.

"2. Every action upon such claim shall be commenced pursuant to the provisions of section fifty-i of the general municipal law.

"3. This section shall not apply to actions upon claims for damages or compensation for property taken by condemnation for any public purpose" (emphasis supplied).

The plaintiff's argument that Town of Hempstead Code § 6-2 is invalid because it appears to contradict the terms of General Municipal Law § 50-e (4) is based on the assumption that all local laws must conform to State laws of general applicability. However, there are certain cases in which local governments may supersede State laws. Municipal Home Rule Law § 10 (1) (ii) (d) (3) provides that a town government may supersede the provisions of the Town Law *(e.g.,* Town Law § 67) in defined circumstances. Specifically, Municipal Home Rule Law § 10 (1) (ii) (d) (3) states that a town government may enact a local law relating to: "(3) *The* amendment or *supersession in its application to it, of any provision of the town law relating to the property, affairs or government of the town or to the other matters in relation to which and to the extent to which it is authorized to adopt local laws by this section, notwithstanding that such provision is a general law, unless the legislature expressly shall have prohibited the adoption of such a local law.* Unless authorized by other state statute this subparagraph shall not be deemed to authorize supersession of a state statute relating to (1) a special or improvement district or an improvement area, (2) creation or alteration of areas of taxation, (3) authorization or abolition of mandatory and permissive referendum or (4) town finances as provided in article eight of the town law; provided, however that nothing set forth herein shall preclude the transfer or assignment of functions, powers and duties from one town officer or employee to another town officer or employee, and provided, however, further that the powers of local legislation and appropriation shall be exercised by the local legislative body" (emphasis supplied). This statute authorizes a town

board, by local law, to supersede so much of Town Law § 67 as incorporates the restrictive provisions of General Municipal Law § 50-e (4) unless it appears that the Legislature has "expressly * * * prohibited" such supersession (Municipal Home Rule Law § 10 [1] [ii] [d] [3]).

Municipal Home Rule Law § 22 (1) sets forth certain formal requirements which are to be followed whenever a local government purports to preempt the terms of a State statute. This provision states as follows: "1. In adopting a local law changing or superseding any provision of a state statute or of a prior local law or ordinance, the legislative body shall specify the chapter or local law or ordinance, number and year of enactment, section, subsection or subdivision, which it is intended to change or supersede, but the failure so to specify shall not affect the validity of such local law. Such a superseding local law may contain the text of such statute, local law or ordinance, section, subsection or subdivision and may indicate the changes to be effected in its text or application to such local government by enclosing in brackets, or running a line through, the matter to be eliminated therefrom and italicizing or underscoring new matter to be included therein".

Municipal Home Rule Law § 10 (1) (ii) (d) (3) is to be read in the context of the general home rule provisions of the New York State Constitution (NY Const, art IX, § 2 [c] [ii]) and the parallel provisions of Municipal Home Rule Law § 10 (1) (ii) (a) which, in connection with certain defined subjects (NY Const, art IX, § 2 [c] [ii] [1]-[10]; Municipal Home Rule Law § 10 [1] [ii] [a] [1]-[12]), authorize local governments to enact local laws "whether or not they relate to the property, affairs or government of such local government" (NY Const, art IX, § 2 [c] [ii]; Municipal Home Rule Law § 10 [1] [ii]). The subjects upon which local governments may legislate pursuant to these general home rule provisions include "[t]he presentation, ascertainment and discharge of claims" (NY Const, art IX, § 2 [c] [ii] [5]; Municipal Home Rule Law § 10 [1] [ii] [a] [5]) and "[t]he acquisition, care, management and use of its * * * property" (NY Const, art IX, § 2 [c] [ii] [6]; Municipal Home Rule Law § 10 [1] [ii] [a] [6]). Local laws requiring written notice of defect have been held to fall within the general home rule provisions which relate to the presentation of claims (see, *Fullerton v City of Schenectady,* 285 App Div 545, *affd* 309 NY 701).

The enactment of local laws in these and other defined areas is generally permitted "except to the extent that the

legislature shall restrict the adoption of such a local law" (NY Const, art IX, § 2 [c] [ii]). Thus, these general home rule provisions, unlike Municipal Home Rule Law § 10 (1) (ii) (d) (3), do not authorize the actual supersession by a local government of a general State law *(see generally, Kamhi v Town of Yorktown,* 74 NY2d 423; *Schiavone v County of Nassau,* 41 NY2d 844; *see also, ILC Data Device Corp. v County of Suffolk,* 182 AD2d 293). An exception to this general rule is represented by Municipal Home Rule Law § 10 (1) (ii) (d) (3) which does authorize a *town* to enact superseding local laws in connection with "matters in relation to which * * * it is authorized to adopt local laws by this section". A similar exception allows villages to supersede the Village Law in such matters (Municipal Home Rule Law § 10 [1] [ii] [e] [3]).

The case law which has developed as a result of the interplay between the State laws noted above, on the one hand, and various local laws similar to the provision now under review, on the other, is inconsistent. This case law is to a large extent silent as to the two questions which we conceive of as essential: (1) whether the State Legislature has expressly prohibited towns from expanding the class of municipal properties with respect to which notices of defect may be required beyond those specific types of properties mentioned in General Municipal Law § 50-e (4), and (2) whether compliance with the formalities set forth in Municipal Home Rule Law § 22 (1) is necessary when a town government attempts to do so.

The first case, and the one relied upon most heavily by the plaintiffs, is *Zumbo v Town of Farmington* (60 AD2d 350), in which the Appellate Division, Fourth Department, held that the Town of Farmington's notice of defect ordinance, which applied to all town property, violated a general law, that is, General Municipal Law § 50-e (4), and was therefore unconstitutional. After having shown an apparent inconsistency between a general law (General Municipal Law § 50-e [4]) and a local law (Local Laws, 1975, No. 1 of Town of Farmington) which applied a notice of defect requirement to all town properties, the *Zumbo* Court concluded that the local law was unconstitutional. In this respect, the *Zumbo* Court noted that our State Constitution does not allow local governments to write local laws which conflict with general laws, stating: "Here, the town property on which plaintiff Thomas Zumbo allegedly was injured was a recreational playing field. Under the general laws of the State it is clear that no prior written notice of the unsafe condition of the field was required in

order for plaintiffs to bring their action against the town. To the extent that section 16-1 of the Farmington local law requires such notice, it is inconsistent with the general laws governing requirements of prior notice of unsafe condition and is, therefore, unconstitutional (see *F.T.B. Realty Corp. v Goodman,* 300 NY 140, 148; cf. *Schiavone v County of Nassau,* 41 NY2d 844, affg 51 AD2d 980)" *(Zumbo v Town of Farmington, supra,* at 354-355).

Although the *Zumbo* Court made a reference to Municipal Home Rule Law § 10 (1) *(see, Zumbo v Town of Farmington, supra,* at 352-353) it is unclear whether the Court focused specifically on Municipal Home Rule Law § 10 (1) (ii) (d) (3) reproduced above, which was enacted and amended in 1976 (L 1976, ch 365, § 1; ch 805, § 1). As noted above, Municipal Home Rule Law § 10 (1) (ii) (d) (3) expressly allows towns to supersede the provisions of the Town Law which relate to matters which, under the Municipal Home Rule Law and the State Constitution, are proper subjects for local legislation, unless the Legislature is shown to have expressly prohibited the enactment of such a local law. Thus, it would be incorrect to say that a local town law is unconstitutional merely because it conflicts with a State law; pursuant to Municipal Home Rule Law § 10 (1) (ii) (d) (3), a local town law *may* conflict with a general law under certain conditions *(see, Holt v County of Tioga,* 56 NY2d 414; *Rozler v Franger,* 61 AD2d 46, *affd* 46 NY2d 760; *see also,* Cole, *Local Authority to Supersede State Statutes,* 63 NY St BJ No. 6, Sept./Oct. 1991, at 34; Cole, *Constitutional Home Rule in New York: "The Ghost of Home Rule",* 59 St. John's L Rev 713 [1985]).

The next significant case to be decided on this question was *Klimek v Town of Ghent* (71 AD2d 359, *supra),* which was relied upon by the Supreme Court in the present case. In *Klimek,* the Appellate Division, Third Department, upheld a local law which required prior written notice in any case arising out of a defect in *any* town property. The Court held that this local law was not inconsistent either with Town Law § 65-a (which requires notice only as to highways, culverts, bridges, etc., and pursuant to which constructive notice would be valid) or with General Municipal Law § 50-e. However, the *Klimek* Court made no mention of the Fourth Department's decision in *Zumbo (supra).* Also, the *Klimek* Court did not cite General Municipal Law § 50-e (4) which, as discussed in *Zumbo,* contains the critical language which arguably prohib-

its local governments from requiring any "further notice" (with stated exceptions).

The case law has continued to develop since the time of the *Zumbo* and *Klimek* decisions; however, this more recent case law is marked by the same ambiguities and by the same apparent inconsistencies *(see, e.g., Barsh v Town of Union,* 126 AD2d 311; *Amsterdam Brush Corp. v City of Amsterdam,* 105 AD2d 881; *Canzano v Town of Gates,* 85 AD2d 878; *Rich v Town of Queensbury,* 88 AD2d 1027, *supra* [upholding local law in conflict with General Municipal Law § 50-e (4)]; *but cf., Tyner v City of Buffalo,* 152 AD2d 978; *Adams v Town of Lisbon,* 170 AD2d 901 [holding such local laws unconstitutional]). Moreover, none of the foregoing cases discusses the effect which compliance with Municipal Home Rule Law § 22 (1) might have on the validity of a local government's supersession of State law in this area. In light of the inconclusive nature of this judicial precedent, we have no alternative but to focus exclusively on the language of the controlling statutory and constitutional sources above noted.

It is relatively clear that General Municipal Law § 50-e (4) states that those municipal corporations which, under law, require notices of *claim* as a precondition to liability may not also require notices of *defect,* except that such notices of defect may be required as to a "street, highway, bridge, culvert, sidewalk or crosswalk". If Hempstead were a city, governed directly by General Municipal Law § 50-e, it is possible that the present ordinance would be invalid *(see, Amsterdam Brush Corp. v City of Amsterdam, supra).* We need not pass on this issue.

Hempstead is not a city; it is a town, and it is subject to General Municipal Law § 50-e (4) because of the terms of Town Law § 67. Also, as a town, Hempstead has the right to supersede those provisions of the Town Law, which, like Town Law § 67, relate to matters of local concern, such as the presentation of claims against the Town (NY Const, art IX, § 2 [c] [ii] [5]; Municipal Home Rule Law § 10 [1] [ii] [a] [5]), and the care and management of town property (NY Const, art IX, § 2 [c] [ii] [6]; Municipal Home Rule Law § 10 [1] [ii] [a] [6]; *Holt v County of Tioga,* 56 NY2d 414, *supra; Fullerton v City of Schenectady,* 285 App Div 545, *affd* 309 NY 701, *supra* [local notice of defect law valid pursuant to home rule provision governing presentation of claims]), provided that the Legislature has not explicitly forbidden such supersession *(see,* Municipal Home Rule Law § 10 [1] [ii] [d] [3]).

In the absence of any clear expression of legislative intent to prohibit towns from superseding so much of Town Law § 67 as incorporates the restrictive provisions of General Municipal Law § 50-e (4), we conclude that towns may enact local laws such as the one now under review. In this respect, we agree with the holdings of the Appellate Division, Third Department, in *Amsterdam Brush Corp. v City of Amsterdam (supra)*, *Klimek v Town of Ghent (supra)*, *Rich v Town of Queensbury (supra)*, and *Barsh v Town of Union (supra)*, and with the holding of the Appellate Division, Fourth Department, in *Canzano v Town of Gates (supra; see also,* 25 NY Jur 2d, Counties, Towns, and Municipal Corporations, § 89). The only remaining question is whether compliance with Municipal Home Rule Law § 22 (1) is required.

Municipal Home Rule Law § 22 (1), if interpreted literally, would collapse into virtual meaninglessness. The main clause of the first sentence of this statute declares that a local legislative body intent on enacting a local law which supersedes a State statute "shall specify" certain items in the text of such local law. However, the import of this language is effectively negated by the content of the subordinate clause which follows; this subordinate clause states that "the failure so to specify shall not affect the validity of such local law".

The Court of Appeals has saved the substantive provisions of Municipal Home Rule Law § 22 (1) from the oblivion to which they would be condemned if that statute were construed literally. In *Kamhi v Town of Yorktown* (74 NY2d 423, 434-435, *supra)*, the Court stated:

"A town's authority to amend or supersede can be exercised only upon substantial adherence to the procedures set forth in Municipal Home Rule Law § 22 (1) *(Turnpike Woods v Town of Stony Point,* 70 NY2d 735). That provision requires a municipality invoking its supersession authority to state its intention with definiteness and explicitness—hardly an insignificant matter, in that there is otherwise no way of knowing what the locality intends, or what law governs. A clear statement avoids 'the confusion that would result if one could not discern whether the local legislature intended to supersede an entire State statute, or only part of one—and, if only a part, which part.' *(Turnpike Woods v Town of Stony Point, supra,* at 738; *Bareham v City of Rochester,* 246 NY 140, 150 [interpreting predecessor provision City Home Rule Law § 12]; *see also, County of Rensselaer v City of Troy,* 102 AD2d 976, 977; *Stone v Village of Baldwinsville,* 138 Misc 2d 164) * * *

"While section 22 provides that failure to comply punctiliously with every specification requirement will not invalidate a local law, here the local law reveals nothing of the Town's intention to amend or supersede and consequently must be declared invalid".

The local law under review in this case does not identify in any way the provision of General Municipal Law § 50-e (4) which it is intended to supersede. There is no allegation and no proof of compliance with Municipal Home Rule Law § 22 (1). In accordance with *Kamhi v Town of Yorktown (supra),* and *Turnpike Woods v Town of Stony Point* (70 NY2d 735, *supra),* this local law cannot be regarded as having been enacted in accordance with the Town's supersession powers (Municipal Home Rule Law § 10 [1] [ii] [d] [3]; *see also, ILC Data Device Corp. v County of Suffolk,* 182 AD2d 293, *supra).*

For this reason alone, we hold that Town of Hempstead Code § 6-2 is invalid to the extent that it requires the service of a prior written notice of defect, in addition to the service of a written notice of claim, as a precondition to municipal tort liability based upon defective conditions alleged to exist upon properties which do not constitute highways, streets, bridges, culverts, sidewalks or crosswalks (General Municipal Law § 50-e [4]).

The judgment is reversed, on the law, the order is vacated, the motion of the Town of Hempstead for summary judgment dismissing the complaint is denied, and the complaint is reinstated.

■ The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

ROSENBLATT, O'BRIEN and COPERTINO, JJ., concur.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the order is vacated, the motion of the defendant Town of Hempstead for summary judgment dismissing the complaint is denied, and the complaint is reinstated.