Richard B. Meyer, Esq. Informal Opinion County Attorney No. 2000-18 County of Essex P. O. Box 217 Elizabethtown, N Y 12932
Dear Mr. Meyer:
You have informed us that your county has enacted a local law under its home rule authority requiring that prior written notice of defects in, or snow and ice on, county roads, bridges and sidewalks be given to the county as a condition precedent to a civil action against the county for damage to property or injuries caused by these defects or conditions. Section 139(2) of the Highway Law authorizes a county to adopt a local law "provid[ing] that no civil action shall be maintained" against the county for damages or injuries attributable to such defects or conditions "unless written notice . . . was actually given to the clerk of the governing body of such county or the county highway superintendent." Your inquiry is whether the local law enacted under home rule authority may require that notice be given only to the clerk of the county legislative body, as opposed to the clerk and/or the county highway superintendent. In our view, the county is authorized to enact such a local law.
Local governments, including counties, are authorized to enact local laws relating to specific subjects within their authority. These laws are required to be consistent with the Constitution and general laws. See
N.Y. Const., Art. IX, § 2(b), (c); Municipal Home Rule law §10(1). For purposes of these provisions, a "general law" is a state "law which in terms and effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages." N Y Const., Art. IX, § 3(d)(1); Municipal Home Rule Law § 2(5). Therefore, a "general law," in its application to counties, is a state law which applies in terms and in effect alike to all counties or all counties outside the City of New York. In addition, only a state law that is required to be and in fact is applied in all counties qualifies as a general law; a law that applies only to counties that elect to adopt it is not general. See Johnson v.Etkin, 279 N.Y. 1, 6 (1938).
In our view, because section 139(2) of the Highway Law may be applied at the option of a county, it is not a general law. See id.; see also Townof Smithtown v. Howell, 31 N.Y.2d 365, 375-376 (1972) (exemption from state law of two counties rendered that law a special, not a general law for home rule purposes). Therefore, if the proposed notice provision is a subject within local law authority, it need not be consistent with section 139(2) of the Highway Law and may provide that notice be given only to the clerk of the county legislative body.
Counties are authorized to enact local laws regarding the presentation, ascertainment, disposition and discharge of claims made against them.See N.Y. Const., Art. IX, § 2(c)(ii)(5); Municipal Home Rule Law § 10(1)(ii)(a)(5). A local law requiring notice of defect as a condition precedent to a claim would relate directly to the presentation, disposition and discharge of the claim. See Holt v. Countyof Tioga, 56 N.Y.2d 414 (1982) (a local law requiring prior notice of defect was upheld in decision finding authority for the local law and holding that local law was consistent with earlier version of section139 of the Highway Law). We believe that this provision of the Municipal Home Rule Law authorizes a local law requiring notice as a condition of a claim against the county based on defects, snow or ice on county roads, bridges and sidewalks. We note that any such local law must also comply with section 22 of the Municipal Home Rule Law, which requires the designation of any state or local law it is amending or superseding. See Kamhi v. Town of Yorktown, 74 N.Y.2d 423
(1989).
We conclude that a county may, pursuant to the Municipal Home Rule Law, enact a local law requiring, as a condition of a claim against the county, that prior written notice of defects in, or snow and ice on highways, bridges and sidewalks be given to the county by providing notice to the clerk of the county board of supervisors. The local law need not be identical to that authorized under section 139(2) of the Highway Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions