■ JOSEPH ANASTASIO, on Behalf of Himself and All Similarly Situated Taxpayers of City of New York Entitled to the Veterans' Property Tax Exemption Under State Law, Respondent, v CITY OF NEW YORK et al., Appellants. — Order of the Supreme Court, New York County (Stecher, J.), entered June 25, 1982, which, *inter alia*, granted plaintiff's motion for class action status and which denied defendants' cross motion for summary judgment, in a declaratory judgment action, is reversed, on the law, without costs, and the cross motion by defendants for summary judgment is granted and the motion by plaintiff for class action status is denied as academic. The order to be entered shall declare that the resolution of the city council dated June 12, 1980, repealing a "veteran's exemption" from a portion of the New York City real property tax and deeming it a "Tax for School Purposes" violated no rule of law or due process. Plaintiff brought this action, *inter alia*, to set aside a resolution the city council adopted on June 12, 1980, as unconstitutional. This resolution limited the veterans' real property tax exemption granted pursuant to section 458 of the Real Property Tax Law to nonschool city taxes. Special Term granted plaintiff's motion for class action certification and denied the cross motion by defendants for summary judgment dismissing the complaint.

This denial of the cross motion for summary judgment was in error. In its resolution of June 12, 1980, the city council established a formula which prorated that portion of the real estate tax which constituted the portion for school tax purposes allocable to exempt veterans' property. No genuine issue of fact is presented by the plaintiff with regard to the rational basis for the computation of the formula adopted. The tax and budget figures are in the record and plaintiff simply relies on the conclusory allegation of an arbitrary or unjust formula without any specific analysis directed to the relationship of the figures presented vis-à-vis the formula in question. Such conclusory allegations are insufficient to defeat a motion for summary judgment (see *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). Plaintiff claims that the resolution which diminishes his exemption constitutes discriminatory legislation and denies veterans equal protection of the laws. There is a strong presumption in favor of the constitutionality of a legislative enactment (*I. L. F. Y. Co. v City Rent & Rehabilitation Admin.,* 11 NY2d 480). Every presumption and intendment is to be indulged in favor of validity, especially in the area of municipal financing (*Wein v Beame,* 43 NY2d 326). This presumption is so strong that courts will "strike down statutes only as a last resort * * * and only when unconstitutionality is shown beyond a reasonable doubt" (*Defiance Milk Prods. Co. v Du Mond,* 309 NY 537, 541). Section 458 (subd 1, par [3]) of the Real Property Tax Law specifically provides that veterans' real property which is granted a limited exemption *"shall* be taxable for local school purposes." (Emphasis added.) The resolution in issue simply brings the city's tax collections from property-owning veterans into conformity with this provision of the Real Property Tax Law. It properly limits the veterans' exemption to nonschool city taxes. Plaintiff and others in his situation were not unfairly discriminated against under either the Federal or State Constitution. Section 1 of article XVI of the New York State Constitution mandates exemption only for religious, educational and charitable institutions. All other exemptions are legislative in nature, including the veterans' exemption. This exemption has now been limited by the city solely to the extent set forth in the statute. The fact that the city had heretofore allowed a general veterans' exemption without deduction for school purposes does not estop the city from discontinuing such prior extralegal or at least permissive practice (*City of Mount Vernon v New York, New Haven & Hartford R. R. Co.,* 232 NY 309, 315, 319). Plaintiff further claims that the city council resolution under review violates subdivision 5 of section 20 of the Municipal Home Rule Law, which requires a public hearing after public notice in order to pass a local law which includes recodification, amendments, etc., in the municipal code (see Municipal Home Rule Law, § 20, subd 3). We assume, *arguendo,* that this resolution is a "local law" (New York City Charter, § 26). However, any local law enacted by the city council to grant veterans *exemption* from taxes for school purposes would be invalid. The State alone, by virtue of sovereignty, has the power of taxation which "shall never be surrendered, suspended or contracted away" (NY Const, art XVI, § 1). Pursuant to section 458 of the Real Property Tax Law, exemption for veterans' property, except for disabled veterans, clearly does not encompass taxes for school purposes. The city council is without jurisdiction to take action contrary to the State law which expressly provides that veterans' real property *"shall* be taxable for local school purposes" (Real Property Tax Law, § 458, subd 1, par [3]; emphasis added). Accordingly, the city was not required to hold a futile public hearing on the June 12 resolution which conformed local practice with the requirement of section 458 of the Real Property Tax Law that veterans' property *shall* be taxable for local school purposes. (Cf. *Matter of Archer v Town of North Greenbush,* 105 Misc 2d 60, mod 80 AD2d 361.) Concur — Kupferman, J. P., Sandler, Ross, Carro and Asch, JJ.