OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with *737 costs, and the judgment of Supreme Court reinstated insofar as it directed the Town Clerk to issue to petitioner a certificate of approval pursuant to Town Law § 276 (4).
While towns may impose certain restrictions and conditions on the use and development of land pursuant to the appropriate legislative grant of authority (see, Town Law § 261; Municipal Home Rule Law § 10 [1] [ii] [a] [14]; Statute of Local Governments § 10 [6]), they may not exercise this grant of power in a manner inconsistent with State law — unless the power to amend or supersede State law has been expressly conferred (see, Municipal Home Rule Law § 10 [1] [ii]; § 10 [1] [ii] [d] [3]; Matter of Sherman v Frazier, 84 AD2d 401, 405-410; cf, Rozler v Franger, 46 NY2d 760, affg on opn below 61 AD2d 46 [power of village to amend or supersede Village Law pursuant to Municipal Home Rule Law § 10 (1) (ii) (e) (3)]).
Respondent argues that Local Law No. 7 is a valid amendment of Town Law § 276 (4) pursuant to the express authority to amend or supersede general provisions of the Town Law extended in Municipal Home Rule Law § 10 (1) (ii) (d) (3). Although the Appellate Division, relying on Matter of Dune Assocs. v Anderson (119 AD2d 574) found respondent’s local law a valid interim zoning measure, we need not reach this broader issue of whether the power granted in Municipal Home Rule Law § 10 (1) (ii) (d) (3) may operate to supersede the command of Town Law § 276 (4) that planning boards act on applications for final plat approval within 45 days of their submission, because Local Law No. 7 is ineffective to supersede Town Law § 276 (4) in any event in that it fails to comply with Municipal Home Rule Law § 22 (see, Matter of Sherman v Frazier, 84 AD2d 401, 405-406, supra; Bill Jacket to L 1976, ch 365, Mem of Department of State [amendment affects power to restructure town government and administration]).
While section 22 (1) does not, by its terms, mandate technical adherence to any one of the specifically described procedures for amending or superseding a State law, we have required substantial adherence to the statutory methods to evidence a legislative intent to amend or supersede those provisions of a State law sought to be amended or superseded (Bareham v City of Rochester, 246 NY 140, 150 [interpreting predecessor provision City Home Rule Law § 12; repealed by Municipal Home Rule Law § 58, eff Jan. 1, 1964]; see also, County of Rensselaer v City of Troy, 102 AD2d 976, 977; *738 Matter of La Cagnina v City of Schenectady; 70 AD2d 761, 762; Municipal Home Rule Law §22 [2]). The purpose of section 22 is to compel definiteness and explicitness, to avoid the confusion that would result if one could not discern whether the local legislature intended to supersede an entire State statute, or only part of one — and, if only a part, which part (Bareham v City of Rochester, 246 NY 140, 150, supra).
Local Law No. 7 does not expressly amend or supersede Town Law § 276 (4), nor does it contain any declaration of intent to do so. Nowhere does it define by reference to chapter and section number, or by reference to title, or by replication of actual text, the particular provision(s) of the Town Law to which it purports to apply. Notably, while section VII of Local Law No. 7 — entitled "Repeal of Other Laws” — declares the supersession of all prior ordinances in conflict with the moratorium, any reference to the Town Law, or more specifically to Town Law § 276 (4), is conspicuously absent. Indeed, one reading the entire text of Local Law No. 7 is unable to perceive with reasonable certainty which provisions of the Town Law, if any, it seeks to supersede (see, Bareham v City of Rochester, 246 NY 140, 150, supra; Matter of McCabe v Voorhis, 243 NY 401, 415-416). We decline to supply the necessary legislative indications by implication (cf., McKinney’s Cons Laws of NY, Book 1, Statutes § 391 [implied repeals]; Alweis v Evans, 69 NY2d 199, 204 [repeal of statute by implication not favored and will be decreed only where intent is clear and two statutes cannot be harmonized]; People v Mann, 31 NY2d 253, 257-258; Cimo v State of New York, 306 NY 143, 148-149).
Insofar as Local Law No. 7 purports to suspend for six months the duty of the Town Planning Board to act on petitioner’s application, it is inconsistent with the requirement of Town Law § 276 (4) that a town planning board act on applications for final plat approval within the prescribed time period, and is therefore invalid. We have no occasion today to consider whether such portions of Local Law No. 7 that are not inconsistent with Town Law § 276 (4) are separable, and therefore valid (see, Bareham v City of Rochester, 246 NY 140, 151, supra; Matter of McCabe v Voorhis, 243 NY 401, 416, supra). Nor do we reach any issue in respect to the constitutional validity of a local moratorium under the taking clauses of the Federal and State Constitutions (see, First English Evangelical Lutheran Church v County of Los Angeles, 482 US —, 107 S Ct 2378).
Chief Judge Wachtler and Judges Simons, Kaye, Alexan *739 der, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.