OPINION OF THE COURT
Robert G. Hurlbutt, J.
This matter was tried before me without a jury on October 5, 1987.
Plaintiffs are the owners of a 17.8 acre parcel of land in the Village of Baldwinsville which was zoned for commercial use *165 in 1967 as part of a planned development adopted by the Village Board of Trustees in 1962. The zoned use for this parcel was also contained in a village land use plan adopted in 1973.
On February 6, 1984, the Board of Trustees, by a 5-2 majority, voted to amend the village zoning law by changing the permitted use of the subject property from commercial to residential.
Plaintiffs then commenced this action seeking, inter alia, a declaratory judgment determining that the purported zone change was ineffective and a nullity because it was not enacted in conformity with Village Law § 7-708 (1), which provides: "[Zoning] regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed by the board of trustees. In case, however, of a protest against such change signed by the owners of twenty percentum or more of the area of the land included in such proposed change * * * such amendment shall not become effective except by the favorable vote of two-thirds of the members of the board of trustees in villages having three members on the board of trustees and three-fourths of the members of the board of trustees in all other villages.”
Here, the 5-2 vote constitutes only a 71% majority, short of the three fourths required by Village Law § 7-708 (1). Thus, the purported amendment could not become effective unless the provisions of section 7-708 (1) do not apply or have been effectively superseded by the Village Board of Trustees.
Defendant village, while conceding that the zoning provisions of the Village Law do apply here, contends that section 7-708 (1) has been superseded by the enactment of the village zoning law as a local law pursuant to the Municipal Home Rule Law. Plaintiffs concede that Municipal Home Rule Law § 10 (1) (ii) (e) (3) empowers a village to supersede Village Law provisions (see, Rozler v Franger, 61 AD2d 46 [4th Dept 1978], affd 46 NY2d 760 [1978]), but contend that no such supersession has been effected by the village, citing Municipal Home Rule Law § 22 (1) and Turnpike Woods v Town of Stony Point (70 NY2d 735 [1987]).
As noted, Municipal Home Rule Law § 10 (1) (ii) (e) (3) authorizes a village to supersede the Village Law, even as to an inconsistent general law, absent an express State legislative prohibition. (Rozler v Franger, supra.) Village Law § 7-708 is a general law, in that it "applies alike to * * * all villages” *166 (NY Const, art IX, § 3 [d] [1]; Municipal Home Rule Law § 2 [5]). Section 22 (1) of the Municipal Home Rule Law requires that: "In adopting a local law changing or superseding any provision of a state statute or of a prior local law or ordinance, the legislative body shall specify the chapter or local law or ordinance, number and year of enactment, section, subsection or subdivision, which it is intended to change or supersede, but the failure so to specify shall not affect the validity of such local law.”
In Turnpike Woods v Town of Stony Point (70 NY2d 735, supra), the defendant town enacted a local law purporting to suspend for six months the requirement of Town Law § 276 (4) that planning boards act on applications for final plat approval within 45 days of their submission. The court held that the local law was ineffective to override Town Law § 276 (4) because of a failure to comply with Municipal Home Rule Law § 22 (1), and was therefore invalid. "While section 22 (1) does not, by its terms, mandate technical adherence to any one of the specifically described procedures for amending or superseding a State law, we have required substantial adherence to the statutory methods to evidence a legislative intent to amend or supersede those provisions of a State law sought to be amended or superseded”. (Turnpike Woods v Town of Stony Point, supra, at 737.)
The Court of Appeals has thus ruled that, although strict compliance with the terms of Municipal Home Rule Law § 22 (1) is not required, the local law must contain some evidence of an intent to supersede a general State law in order to effect supersession pursuant to Municipal Home Rule Law § 10 (1) (ii) (d) (3). The same rule would, of course, apply to village enactments under Municipal Home Rule Law § 10 (1) (ii) (e) (3). Since it found no express or implied reference in the local law to Town Law § 276 (4), and no express or implied indicia of intent to supersede, the court "decline[d] to supply the necessary legislative indications by implication”. (Turnpike Woods v Town of Stony Point, supra, at 738.)
The court in Turnpike Woods (supra) cites and follows Bareham v City of Rochester (246 NY 140, 149-151), where the Court of Appeals required specific reference to the general law sought to be superseded under nearly identical provisions of then section 12 (1) of the City Home Rule Law. Judge O’Brien expressed the rationale for the court’s ruling thusly: "The existence of a duty to keep a local law free from ambiguity cannot be denied. Confusion would be intolerable if, in the *167 case of every local law adopted * * * no one could feel confident that local legislatures had intended to supersede an entire statute or only part of it”. (Bareham v City of Rochester, supra, 246 NY, at 150.)
A recent similar case is County of Rensselaer v City of Troy (102 AD2d 976), where the court refused to imply repeal of an inconsistent State general law from the adoption of a new city charter, because of failure to comply with Municipal Home Rule Law § 22 (1).
In the instant case, there is no showing whatever of any enactment on the part of the Village of Baldwinsville which purports, expressly or impliedly, to supersede Village Law § 7-708 (1). No separate local law having reference to that section of the Village Law has been enacted. If any supersession of section 7-708 (1) is to be found, it must be contained in the village zoning law itself. Not even the faintest suggestion of a reference to Village Law § 7-708 may be found therein. The only provisions as to amendment are found in section E of article XIV. That section makes no reference to the filing of objections to zone changes, and the requisite increase in the required majority for enactment of a change contained within Village Law § 7-708. The inescapable conclusion is that there has been no supersession of Village Law § 7-708, and that a three-fourths majority vote was required in order to effectively enact the local law changing the permitted use of the subject property. The vote having fallen short of that majority, the purported enactment of February 6, 1984 was ineffective, invalid, and a nullity. (Turnpike Woods v Town of Stony Point, supra; Bareham v City of Rochester, supra; cf., Rozler v Franger, 61 AD2d 46, affd 46 NY2d 760, supra.)
Defendant’s reliance upon Village of Savona v Soles (84 AD2d 683), and Yoga Socy. v Incorporated Town of Monroe (56 AD2d 842), is misplaced. Those cases simply hold that a town or village may enact a zoning law without complying with the publication and posting requirements of the Town Law or Village Law so long as there is conformity with the notice and hearing requirements of Municipal Home Rule Law § 20. They do not involve the issue of supersession of inconsistent State general laws under Municipal Home Rule Law § 10 (1) (ii) (d) (3) or § 10 (1) (ii) (e) (3), nor the necessity of compliance with Municipal Home Rule Law § 22 (1).
By reason of the foregoing, I find that plaintiffs are entitled to judgment declaring the purported amendment to the Vil *168 lage of Baldwinsville Zoning Law of February 6, 1984, changing the permitted use as to plaintiffs’ therein described property, ineffective, invalid and a legal nullity.
This determination having disposed of the litigation between the parties, I do not reach the other issues raised by the pleadings and proof upon trial.