Requestor: Joseph D. Monaco, Town Attorney Town of Monroe 301 Chester Plaza Route 17M Chester, New York 10918-1301
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a town board may enact a local law superseding the provisions of section 276(5) of the Town Law to extend the period during which a conditionally approved plat may be submitted for signature by the duly authorized officer of the planning board.
Upon the conditional approval of a final plat, the planning board must empower a duly authorized officer to sign the plat upon completion of such requirements as may be stated in the resolution of conditional approval (Town Law, § 276[4]). Conditional approval expires within 180 days after the date of the resolution granting conditional approval unless such requirements have been certified as completed (ibid.). The planning board may, however, extend the time in which a conditionally approved plat may be submitted for signature, if warranted by the circumstances, for not more than two additional periods of 90 days each.
You have indicated that your town is contemplating a local law that would extend this approval period during the term of a moratorium that is in effect. In our view, the town board may enact a local law amending section 276 of the Town Law to extend the period during which a conditionally approved final plat may be signed. Town boards are authorized to enact local laws amending or superseding provisions of the Town Law, to the extent of their home rule powers, notwithstanding that such provisions are general laws, unless the Legislature expressly has prohibited the adoption of such a local law (Municipal Home Rule Law, § 10[1][ii][d][3]). In construing this provision, the Appellate Division decided that towns are authorized to adopt zoning regulations by local law under the Municipal Home Rule Law and, therefore, may amend or supersede zoning provisions in the Town Law (Matter of Sherman vFrazier, 84 A.D.2d 401 [2d Dept, 1982]). The court cited Municipal Home Rule Law, § 10(1)(ii)(a)(14) which authorizes towns to adopt local laws to exercise the powers granted to them in the Statute of Local Governments (Matter of Sherman v Frazier, supra, p 409). The court concluded that since the Statute of Local Governments, § 10(6) grants to towns the power to adopt, amend and repeal zoning regulations, it follows that a town board may adopt zoning regulations by local law under the Municipal Home Rule Law (ibid.).
Thus, your town board may enact a local law amending section 276 of the Town Law to extend the time during which a conditionally approved final plat may be submitted for signature. We caution you that in enacting the local law the town board must comply with the provisions of section 22 of the Municipal Home Rule Law, requiring that the legislative body specify the State law that it intends to change or supersede. The Court of Appeals has decided that failure to follow the provisions of that section invalidates the local law (Turnpike Woods,Inc. v Town of Stony Point, 70 N.Y.2d 735 [1987]).
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.