Requestor: Renee Forgensi Davison, Esq., Deputy Town Attorney Town of Webster Village Attorney for Planning and Zoning, Village of Webster 33 Curtice Park Webster, New York 14580
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the spouse of a newly-elected member of the town council may retain his position as chairperson of the town's zoning board of appeals. Your concern is that the town board is responsible for setting the salary of the chairperson of the zoning board of appeals.
The governing body of each local government, including towns, is required to adopt a code of ethics setting forth the standards of conduct reasonably expected of its officers and employees. General Municipal Law § 806(1). The code of ethics is required to provide standards for officers and employees with respect to disclosure of interests in legislation before the local governing body and generally is to include other standards relating to the conduct of officers and employees of the municipality. Ibid. You should examine the city's code of ethics to determine whether there are any regulations applicable to the circumstances you have presented.
In opinions of this office, we have emphasized that public officers must exercise their official duties solely in the public interest. 1986 Op Atty Gen (Inf) 101. Public officers should avoid circumstances which compromise their ability to make impartial judgments. In addition to avoiding specific conflicts, even the appearance of impropriety must be avoided in order to maintain public confidence in government.
In prior opinions of this office, we have concluded that local legislators must recuse themselves from participating in matters affecting the compensation, employment and other terms and conditions of employment of his or her spouse or sibling. 1988 Op Atty Gen (Inf) 80; 1986 Op Atty Gen (Inf) 101; 1985 Op Atty Gen (Inf) 89. On the other hand, we have found that these legislators may vote on other governmental matters. Unlike determinations affecting the salary and terms and conditions of employment of her spouse, the town board member would not have a personal interest in other governmental matters affecting the zoning board of appeals. Thus, recusal is a sufficient remedy under these circumstances.
Second, you ask whether the board of trustees of a village may create the position of alternate member of a zoning board of appeals and planning board. The alternate would attend meetings, but would not vote unless one or more of the regular members were absent. Alternatively, you ask whether an alternate member may attend meetings only when he or she is needed to provide a quorum or to fill an absent member's seat.
Section 7-712(1) of the Village Law authorizes the board of trustees to establish a board of zoning appeals consisting of three or five members and sets forth the procedure for these appointments. Similarly, section 7-718 authorizes the establishment of a planning board. Neither of these provisions authorizes the appointment of alternate members. We have not found any provisions in State law authorizing the appointment of alternate members to the planning board or zoning board of appeals.
In previous opinions of this office, however, we concluded that a village by local law may authorize the appointment of ad hoc members to a zoning board of appeals where absences or conflicts of interests make it impossible to meet quorum requirements. Op Atty Gen Nos. 84-50, 85-55. We relied upon the authority of a village to enact local laws amending or superseding any provision of the Village Law relating to its property, affairs or government or to other matters in relation to which it is authorized to adopt local laws, notwithstanding that such provision is a general law, unless the Legislature expressly has prohibited the adoption of the proposed local law. Municipal Home Rule Law §10(1)(ii)(e)(3). We indicated that villages by local law have the authority to adopt zoning regulations and to establish and structure local positions and departments. Id., § 10(1)(ii)(a)(1), (a)(12), (a)(14). Thus, we concluded that a village may amend section 7-712
of the Village Law by local law to authorize the making of ad hoc appointments. Similarly, we concluded that a village may amend section7-718 of the Village Law to authorize ad hoc appointments to the planning board where necessary to obtain a quorum. Informal Opinion No.86-20.
We believe that a village board of trustees by local law may amend or supersede provisions of the Village Law to establish the position of alternate member(s) of the zoning board of appeals or planning board. In our view, such a local law could provide for regular attendance of the alternate at board meetings or for attendance only when needed to provide a quorum or fill an absent member's seat. In the latter circumstance, as to ongoing matters it would be necessary for the alternate to familiarize himself with the transcript or other record of the proceedings in order to effectively participate.
We note that a local law amending or superseding the provisions of the Village Law to provide for alternate members must specify the sections of the Village Law that are being amended or superseded. Turnpike Woods,Inc. v Town of Stony Point, 70 N.Y.2d 735 (1987).
We conclude that a member of a town board must recuse herself from acting with respect to the terms and conditions of employment of her spouse, the chairperson of the zoning board of appeals.
A village by local law may establish the positions of alternate member of the zoning board of appeals and planning board.
The Attorney General renders formal opinions only to officers and departments of the State Government. This perforce is an informal and unofficial expression of the views of this office.