In the Matter of NICHOLAS VISCIO et al., Appellants, v TOWN OF WRIGHT et al., Respondents. [839 NYS2d 840]—

Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered January 4, 2007 in Schoharie County, which, inter alia, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review determinations of respondents Town of Wright Zoning Board of Appeals and Town of Wright Planning Board approving a minor subdivision plat of respondents George Cramer and Patricia Cramer without building restrictions.

Since 1998, petitioners have owned and operated the Blue Heron Airport on Benninger Road in the Town of Wright, Schoharie County. In 2001, respondents George Cramer and Patricia Cramer (hereinafter collectively referred to as respondents) bought property across the road from petitioners' airport. In August 2005, respondents sought approval from respondent Town of Wright Planning Board for a minor subdivision of their parcel so that they could build a new home on a separate parcel. In September 2005, the Planning Board reviewed respondents' subdivision application and its proximity to petitioners' airport, and questioned whether the Federal Aviation Administration (hereinafter FAA) or the National Transportation Safety Board had rules or regulations regarding the siting of homes near airports. During the Planning Board's next three meetings, respondents' application was publicly reviewed and the Planning Board confirmed that their research did not reveal any

federal rules or regulations which would govern their decision. Yet, they continuously referred to an FAA document provided by petitioners for guidance on establishing and maintaining compatible land uses around airports. Such document, developed by the FAA's Southern Region Airports Division office as a resource for its local planners, cautioned that "it should not be construed as FAA regulations or official agency policy."

Petitioners were granted permission to bring an FAA representative to the next scheduled meeting, but instead produced Robert Price, a member of a different town's planning board, who was admittedly not an expert on FAA matters. Price made a presentation using maps and crash zones culled from the FAA document to demonstrate that respondents' proposed building location should be modified. When the Planning Board again met in February 2006, respondents' subdivision was approved on the condition that the proposed location of the house be moved to another part of their parcel.

Respondents commenced a CPLR article 78 proceeding to annul the Planning Board's determination. The Planning Board moved to dismiss that proceeding by contending that respondents failed to exhaust their administrative remedies because respondent Town of Wright Zoning Board of Appeals (hereinafter ZBA) had to first review the Planning Board's determination. As a result, the parties agreed to adjourn that proceeding. In August 2006, the ZBA determined that the restrictions placed on respondents' subdivision plat should be removed and, pursuant to that determination, the Planning Board complied. Petitioners then commenced the current CPLR article 78 proceeding against respondents and various town respondents to annul the determination of the ZBA as well as the Planning Board's amendment to respondents' subdivision plat approval which was made as a result of the ZBA's determination. Supreme Court concluded that Local Law No. 2 (1992) of the Town of Wright legally created the ZBA to hear appeals from the Planning Board and, thereafter, upheld the ZBA's determination and the Planning Board's amendment. Petitioners appeal.

Petitioners contend that Local Law No. 2 did not expressly supercede that portion of the Town Law which gives the Planning Board exclusive jurisdiction over subdivision applications (*see* Town Law §§ 271, 274-a, 274-b, 276-279) or that which permits an aggrieved party to file a CPLR article 78 petition to appeal a planning board determination (*see* Town Law § 282). We agree.

There is an "interplay between the closely related, yet

distinct, zoning and planning functions of local government" (*Marx v Zoning Bd. of Appeals of Vil. of Mill Neck*, 137 AD2d 333, 336 [1988]). A municipal planner "regulate[s] the development of unimproved land through subdivision control" (*id.*), whereas "municipal zoning is [for] the development of a balanced, cohesive community which efficiently uses the municipality's available land" (*id.* at 337). Municipal Home Rule Law § 22 permits a local law to supercede a provision of a state statute, which could include the distinctions noted above, if "the chapter or local law or ordinance, number and year of enactment, section, subsection or subdivision, which it is intended to change or super[c]ede," is specified (Municipal Home Rule Law § 22 [1]). As the Court of Appeals stated in *Turnpike Woods v Town of Stony Point* (70 NY2d 735 [1987]), the statute does not "mandate technical adherence to any one of the specifically described procedures" (*id.* at 737). Yet, there must be a clear statement by the local legislature of its intent to amend or supercede a state law, or any portion thereof, by its substantial adherence to those statutory methods (*see id.*; *compare Miller v City of Albany*, 278 AD2d 647, 648 [2000]). The purpose of mandatory substantial adherence "is to compel definiteness and explicitness, to avoid the confusion that would result if one could not discern whether the local legislature intended to super[c]ede an entire [s]tate statute, or only part of one—and, if only a part, which part" (*Turnpike Woods v Town of Stony Point, supra* at 738).*

Local Law No. 2 clearly states an intention to create a ZBA with "all the power and responsibility allowed under Town Law, Section 267." By such local law, the ZBA was given the power to "hear appeals and grant variances in regard to Local Law No. 1-1986, as amended, and other Local Laws, Statutes and Ordinances dealing with land use and zoning." While Town Law § 267-a (4) empowers a zoning board to hear appeals from any "order, requirement, decision, interpretation, or determination made by the administrative official charged with the enforcement of any ordinance or local law adopted pursuant to this article," Town Law § 282 expressly provides that a planning board's determination may only be appealed by a CPLR article 78 proceeding.

Viewing the language creating Local Law No. 2, we find that

---

* "The supersession power, however, is subject to additional limitation. A village cannot super[c]ede a state law where 'a local law is otherwise preempted by [s]tate law'" (*Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d 395, 400 [2003], quoting *Kamhi v Town of Yorktown*, 74 NY2d 423, 430 [1989], citing *Albany Area Bldrs. Assn. v Town of Guilderland*, 74 NY2d 372 [1989]).

it fails to create a certainty that it intended to supercede Town Law § 282, which expressly provides the method by which a planning board's determination may be appealed. For these reasons, the ZBA did not have jurisdiction to hear this appeal. Accordingly, we hereby annul the determination of the ZBA and the amended determination of the Planning Board.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and determinations annulled.