Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered October 18, 2007 in a proceeding pursuant to CELR article 78. The order and judgment, inter alia, declared that the Town Board of the Town of Amherst is the appointing authority with respect to its police department pursuant to the Town Law.
*1207 It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced a CPLR article 78 proceeding seeking a judgment, inter alia, directing respondent Supervisor of the Town of Amherst (Supervisor) to execute all paperwork and take any other necessary steps to effectuate the appointment of three officers to fill vacancies in the police department of respondent Town of Amherst (Town), as authorized and directed by resolutions of the Town Board. Supreme Court, inter alia, converted the proceeding to a declaratory judgment action (see CPLR 103 [c]), and declared that “the Town Board ... is the appointing authority with respect to its police department pursuant to the provisions of the New York State Town Law and that the aforesaid provisions of the Town Law are not superseded by any provisions of the Amherst Town Code that may be inconsistent therewith.” We affirm.
Contrary to the contention of the Supervisor, insofar as section 4-10 of the Code of the Town of Amherst (Code) confers upon him the authority to appoint officers to the Town Police Department (see § 4-4 [A] [2]), it is inconsistent with Town Law § 150. Pursuant to that statute, the appointment of police officers “is a legislative function within the exclusive jurisdiction of the town board” (1980 Atty Gen [Inf Ops] 249). The Town Board may delegate its authority to appoint police officers to the Supervisor by designating the Supervisor to serve as police commissioner (see Town Law § 150 [2]), but it has not done so. Contrary to the Supervisor’s further contention, section 4-10 of the Code does not effectively supersede the provisions of Town Law § 150 with respect to the Town Board’s authority to make appointments to the Town Police Department. That section of the Code does not “substantially] adhere[ ] to the statutory methods to evidence a legislative intent to . . . supersede those provisions of [Town Law § 150] sought to be . . . superseded” (Turnpike Woods v Town of Stony Point, 70 NY2d 735, 737 [1987]). Present — Smith, J.P., Centra, Lunn, Fahey and Green, JJ.