■    In the Matter of MICHAEL DE BONIS, Doing Business as D. DE BONIS AMUSEMENTS, Appellant, v HUDSON VALLEY COMMUNITY COLLEGE, Appellant-Respondent, and JAMES J. FITZGIBBONS, as President of Faculty Student Association of Hudson Valley Community College, et al. Respondents.— Cross appeals from a judgment of the Supreme Court at Special Term, entered September 12, 1975 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the award of a contract made to respondent William C. Lewis on August 7, 1975. The appellant community college appeals from each and every part of the judgment whereas petitioner appeals only from that part of the judgment which failed to direct the award of the contract to petitioner as the lowest responsible bidder. The facts are not in dispute. The Faculty Student Association of Hudson Valley Community College (hereinafter FSA) advertised for bids on "Skill and Amusement Games." The "Information for Bidders" with respect thereto provided, *inter alia,* that bids would be received by the Board of Trustees of the Hudson Valley Community College (hereinafter HVCC); that bids should be addressed to James J. Fitzgibbons, President of HVCC; and that no contractor to whom the contract was awarded could 'assign, transfer or otherwise dispose of his right, title or interest therein without the previous consent in writing of HVCC. Both the "Information for Bidders" and the advertisement for bids provided that the board of trustees reserved the right to reject any and all bids, and to waive all formalities in a bid. The bid form to be utilized required the bidders to fill in the percentage of the revenues from the amusement games which they would retain. Petitioner filled in 39% while William C. Lewis doing business as Lewis Amusements, the only other bidder, filled in 50% and added at the bottom of its bid that it would guarantee FSA a minimum of $14,000 per year. The contract was awarded to Lewis and petitioner began this proceeding to have the award of the contract annulled and to have itself declared to be the lowest responsible bidder within the meaning of section 103 of the General Municipal Law and, therefore, the successful bidder. Special Term annulled the award of the contract and remanded the matter to HVCC and James Fitzgibbons as president of FSA. These appeals ensued. The crucial issue to be resolved is whether the award of the contract is governed by section 103 of the General Municipal Law. Concededly, HVCC would be bound by section 103. HVCC and FSA argue, however, that the contract awarded involved only the FSA and Lewis and that HVCC was in no way involved in the bidding process or the awarding of the contract. From an examination of the "Information for Bidders" and the advertisement for bids, we are of the view, as was Special Term, that HVCC so united itself with the FSA in the advertising for bids and awarding of the

contract that section 103 applies. While section 103 mandates the contract be awarded to the lowest responsible bidder, where a bidder substantially varies his bid from the specifications it cannot be considered in determining the lowest responsible bid. As then Justice Cooke stated in substance in *Matter of Gottfried Baking Co. v Allen* (45 Misc 2d 708, 710): If the bid does not conform substantially with the advertised specifications and gives a bidder a substantial advantage over other bidders, it should be rejected. Clearly, the inclusion by Lewis of a minimum yearly guarantee in his bid varied from the specifications and gave Lewis a substantial advantage. The award of the contract to Lewis was, therefore, properly set aside. On his cross appeal, petitioner argues he should have been awarded the contract as the only other bidder. We disagree. Section 103 of the General Municipal Law authorizes rejection of all bids and the readvertising for new bids. We are of the opinion that it would be an improper usurpation of an administrative role in the present case to prohibit HVCC and FSA from exercising their discretionary power of rejecting all the bids and readvertising, subject to the requirement that their determination not be arbitrary, capricious or an abuse of discretion. The judgment appealed from should be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.