■ In the Matter of CAVE-OF-THE-WINDS SCENIC TOURS, INC., Appellant, v NIAGARA FRONTIER STATE PARK AND RECREATION COMMISSION et al., Respondents.—Judgment unanimously reversed, with costs, and matter remitted to respondent Niagara Frontier State Park and Recreation Commission for further proceedings in accordance with memorandum. Denman, J., not participating. Memorandum: Petitioner appeals from a judgment dimissing its petition in an article 78 proceeding brought, *inter alia,* to annul the award on *February 10, 1978, after public bidding and over* petitioner's protest, of a license agreement by respondent Niagara Frontier State Park and Recreation Commission (Commission) to respondent Argy and Sons Heating and Sheet Metal, Inc. (Argy). The license agreement was to cover the operation by the successful bidder (the highest percentage of the gross ticket sales) of the concession for the Cave-of-the-Winds escorted scenic tours at the base of Niagara Falls. Respondent Argy was the highest bidder (52½%). The only other bidder was petitioner (50%). The "Concession Bid Specifications" under the subhead "General Terms of License Agreement" state: "The Office of Parks and Recreation * * * proposes to grant a license for the operation of the Cave-of-the-Winds escorted scenic trip to the base of the American and/or Horseshoe Falls and comprising the licensed premises consisting of the Cave-of-the-Winds dressing room building including—separate elevator building, the tunnel out to the lower gorge, and the trails to the Falls overlook structures, in the gorge comprising a complete self-contained operation located on the Niagara Reservation, Goat Island, Niagara Falls, New York. *Persons, firms or organizations may submit bids, but only those bidders who are deemed qualified on the basis of information supplied with the proposal will be considered for a license. The applicant must satisfy* PARKS *that he has had satisfactory experience in the successful operation of this type of operation, that he is financially able to furnish, equip and operate the facility, that he presently has an organization capable of handling the required operation, and that he has a publicly recognized reputation in a similar type of operation."* (Emphasis supplied.) Further, under the heading "Qualification of Prospective Concessionaire", the bid information provides: "To qualify, prospective concessionaires for the operation of the concession herein listed *must be presently operating a comparable business or have had experience in operating a similar business.* Each prospective concessionaire shall supplement his proposal with a notarized statement of his experience in a similar business in the past ten years. *Any concessionaire, who has operated a similar concession for* PARKS *shall not be required to submit said statement of experience."* (Emphasis supplied.) A

prospective bidder was required to complete and submit a "Statement of Personal History" as part of the bid. The instructions for complettion of the statement provide that "Individuals, partners, members of joint venture, and officers of Corporation must each complete a Statement of Personal History and *must answer all questions completely.* If a question does not apply to you, place NA on the space provided." (Emphasis supplied.) Donald O. Argy, the president of respondent Argy, signed and submitted the "Statement of Personal History" as part of Argy's bid. Question No. 4 on the Statement of Personal History": "Have you ever owned, managed or been employed by a concession of this type or similar enterprise", was answered "no". Question No. 5: "Do you have experience working in a concession of this type other than shown in (4) above" was left blank. The final inquiry on the form (No. 11) requests "Additional evidence of [his] qualifications to merit the granting of a Lease Agreement for said operations." Argy's answer was: "Parent of nine children—three in Niagara University—some of them would help in the Concession Operation—thirty years of Business Management with History of satisfied Customers." Petitioner contends that respondent Commission acted arbitrarily and capriciously in accepting Argy's bid despite Argy's manifest failure to meet the specific qualification requirement that the "applicant must satisfy PARKS that he has had satisfactory experience in the successful operation of this type of operation" (i.e., an operation of the same type as the Cave-of-the-Winds tours). We agree. Respondent Argy's bid should be rejected and the contract annulled. As stated in *Matter of De Bonis v Hudson Val. Community Coll.* (55 AD2d 778, 779): "where a bidder substantially varies his bid from the specifications it cannot be considered in determining the lowest responsible bid. As then Justice Cooke stated in substance in *Matter of Gottfried Baking Co. v Allen* (45 Misc 2d 708, 710): If the bid does not conform substantially with the advertised specifications and gives a bidder a substantial advantage over other bidders, it should be rejected." In ignoring its own unambiguous experience requirements and accepting Argy's bid although it did not meet these requirements and had not completely answered Questions Nos. 4 and 5 on the "Statement of Personal History", respondent Commission gave Argy an unfair advantage over petitioner and over other persons or concerns who may have been dissuaded from bidding because of the requirement of experience in concession operation. (See *Le Cesse Bros. Contr. v Town Bd. of Town of Williamson,* 62 AD2d 28; *Matter of De Bonis v Hudson Val. Community Coll.,* 55 AD2d 778, *supra; Matter of Harran Transp. Co. v Board of Educ.,* 71 Misc 2d 139; *Matter of Gottfried Baking Co. v Allen,* 45 Misc 2d 708, *supra.)* Respondents interpret the requirement that the bidder have experience in operating "this type of operation" or a "concession of this type" or a "similar business" or a "comparable business" as calling only for general business experience (e.g., the heating and sheet metal business) as opposed to experience in a concession operation of the type covered by the proposed contract. Respondents' interpretation is contrary to the plain meaning of the bidding specifications, which, read as a whole, clearly called for experience in operating a concession business similar to the Cave-of-the-Winds scenic tours. The judgment should be reversed, the award of the contract to Argy annulled, and the matter remitted to respondent Commission for a determination of whether petitioner's bid should be accepted or the contract rebid. (See *Matter of De Bonis v Hudson Val. Community Coll., supra.)* (Appeal from judgment of Erie Supreme Court—art 78.) Present—Marsh, P. J., Moule, Hancock, Jr., Denman and Witmer, JJ.