■ LILLIAN OPPERMAN, as Administratrix of the Estate of PHILIP PHILLIPS, Deceased, Respondent, v SAUL I. RADIN, Appellant. (Appeal No. 2.) —Order unanimously affirmed. Denman, J., not participating. Same memorandum as in *Radin v Opperman* (64 AD2d 819). (Appeal from order of Steuben County Surrogate's Court—recover property.) Present—Marsh, P. J., Moule, Hancock, Jr., Denman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN C. PITCHER, Appellant.—Judgment unanimously modified in accordance with memorandum and as modified, affirmed. Memorandum: After entering a plea of guilty, defendant was sentenced to imprisonment for life with a minimum term of 25 years for the crime of murder in the second degree (the maximum sentence permitted) and given an indeterminate sentence with a maximum term of 15 years for the crime of manslaughter in the second degree. At the plea bargaining stage of the proceeding, defendant was offered lighter sentences for the same plea: 15 years to life for the murder charge and 5 to 15 years for the manslaughter charge. He was prepared to enter a guilty plea to both crimes as long as the minimum term of imprisonment did not total in excess of 15 years. Defense counsel rejected this offer because he was unaware of the merger provision of section 70.30 (subd 1, par [b]) of the Penal Law and erroneously believed that the minimum sentences would run consecutively. Neither the court nor the District Attorney informed defense counsel of the merger provision. After seven jurors were selected, defense counsel discovered his error and vainly attempted to resurrect the plea bargain. The defendant's presentence report contains no information which in the exercise of judical discretion merits increasing his minimum sentence from 15 to 25 years. It is inequitable for defendant to suffer an additional 10 years' imprisonment because of his attorney's ignorance and the complementing failure of the People and the court to inform him of the merger provision when his confusion became apparent. Defendant's sentence should be reduced as a matter of discretion in the interest of justice, to an indeterminate sentence of life imprisonment with a minimum term of 15 years for the conviction of murder (CPL 470.15, subd 3, par [c]; 470.20, subd 6). (Appeal from judgment of Oswego County Court—murder, second degree, and another charge.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.