■ In the Matter of PARKWAY VENDING SERVICES, INC., Respondent, v FACULTY-STUDENT ASSOCIATION OF BROOME COMMUNITY COLLEGE, INC., et al., Appellants. — Appeals (1) from a judgment of the Supreme Court at Special Term (Zeller, J.), entered March 3, 1980 in Broome County, which annulled a contract between respondent Faculty-Student Association of Broome County Community College, Inc., and Deru Management Service, Inc., for the operation of a food vending machine concession, and (2) from an order of said court, entered March 25, 1980 in Broome County, which denied a motion by respondent for reargument. Petitioner instituted a CPLR article 78 proceeding after it was an unsuccessful bidder in the award of a contract of purchase, service and supply to a food vending machine concession for the respondent faculty-student association on the Broome Community College campus. In setting aside the contract negotiated by respondent and Deru Management Services, Inc. (hereinafter Deru), Special Term concluded, on authority of *Matter of De Bonis v Hudson Val. Community Coll.* (55 AD2d 778), that the award of the contract was subject to the competitive bidding requirements of section 103 of the General Municipal Law. The court concluded that respondent was not an independent and autonomous body in that the Broome Community College (hereinafter BCC) retained pervasive authority over its everyday activity and the college could, therefore, not insulate itself from the mandate of the General Municipal Law by setting up a private body, which Special Term concluded was essentially a college department. The petition and affidavits of Parkway Vending Services, Inc., alleged facts in support of several theories on which to

set aside the award to Deru. It attempted to offer proof of the unity of interest between respondent and BCC to, in effect, support its contention that the contract awarded by respondent was a contract let by or on behalf of a political subdivision bringing into play the strictures of section 103 of the General Municipal Law. Respondent sought dismissal of the petition on the grounds that it failed to state a claim and on the further grounds that necessary parties, namely BCC, had not been joined. In its affidavits, respondent offered proof of its unfettered status and an opinion of the New York State Comptroller indicating that such contract was not subject to competitive bidding (Opns St Comp, 1979, No. 79-449 [unpublished]). Deru was permitted to intervene in the proceeding. Respondent was denied leave to reargue on an application made after Special Term annulled the contract. We deem this motion to be one to renew since it was based on evidence not presented in the first instance. We conclude that the record contains ample evidence to raise questions of fact with respect to whether (1) respondent's board of directors is so constrained by the contract between respondent and BCC that respondent should be deemed a "functionary" of BCC when it awarded the contract; (2) respondent's contractual rights to operate vending machines in BCC's buildings constituted a franchise rather than a contract to perform public work, and (3) the contract awarded to Deru was illegal in that it anticipated use of BCC's facilities by Deru for which BCC would not be compensated. Sufficient proof having been submitted by respondent to raise issues of triable fact, Special Term was required, pursuant to CPLR 7804 (subd [h]), to order a trial of those issues. We note, parenthetically, that *Matter of De Bonis (supra)* is not controlling in the instant proceeding. That case did not involve a contract awarded by a student association with authority pursuant to subdivision 7 of section 6306 of the Education Law to contract to manage vending operations on a college campus, as is the case here. In view of our finding, we deem the denial of the motion to renew academic. Judgment reversed, on the law, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.