■ AJAY GLASS AND MIRROR CO., INC., Respondent, v COUNTY OF ERIE, Appellant, and NICHTER CONSTRUCTION CO., INC., Respondent.—Judgment unanimously reversed on the law without costs, determination confirmed, and petition dismissed. Memorandum: The county appeals from a judgment which annulled its determination awarding Nichter Construction Co. a contract to install security windows at the county holding center. The court ordered the county to award the contract instead to petitioner Ajay, holding that the minority business enterprise (MBE) affirmative action goals sought to be enforced by the county are invalid under the State and Federal Constitutions because they are in conflict with the competitive bidding statute (General Municipal Law § 103 [1]) and violate the Equal Protection Clause of the Fourteenth Amendment. The county determined that Nichter had complied with the MBE requirements but that petitioner had not. Additionally, the county concluded that Nichter, unlike petitioner, had complied with the bid requirement that the contractor set forth its qualifications and prior experience in installing jail or prison windows. Consequently, the county rejected petitioner's low bid and declared Nichter the "lowest responsible, responsive bidder".

The court erred in annulling the county's determination on the ground that the MBE requirement is unconstitutional. No constitutional claim was raised in the petition. The petition asserted that Ajay had complied with the local law, not that the law is unconstitutional. The petition does not mention any violation of the State or Federal Constitutions. Thus, apart from the court's decision, the record is barren of any indication that petitioner was advancing constitutional claims. The purpose of pleadings is to present issues to the court and put the opposing party on notice of the claims being made. We agree with the county's contention that its lack of notice of the constitutional claim deprived it of an opportunity to submit evidence to support the validity of the local law.

Apart from the pleading deficiency, we conclude that the court erred in reaching the constitutional issue unnecessarily. It is fundamental that a court should not decide a constitu-

tional issue except where it is unavoidable, and should not decide a case on constitutional grounds where the decision may be based on alternative, nonconstitutional grounds *(Rescue Army v Municipal Ct.,* 331 US 549, 569; *Matter of Peters v New York City Hous. Auth.,* 307 NY 519, 527; *see generally, Ashwander v Valley Auth.,* 297 US 288, 341-348 [Brandeis, J., concurring]). Here, irrespective of whether petitioner complied with the minority set-aside provision, it failed to comply with the bid requirement that it demonstrate its qualifications and experience in installing security windows in jails or prisons. A municipality may impose a bid requirement that the contractor demonstrate that it is a responsible bidder by setting forth its qualifications and experience *(cf., Matter of Cave-of-the-Winds Scenic Tours v Niagara Frontier State Park & Recreation Commn.,* 64 AD2d 818). Where the variance between the bid and the bid requirements is material or substantial, as the variance in this case was, the municipality must reject the noncomplying bid *(see, Matter of Cave-of-the-Winds Scenic Tours v Niagara Frontier State Park & Recreation Commn., supra; Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, 31-32, *affd* 46 NY2d 960). Thus, the county did not abuse its discretion in rejecting petitioner's bid and awarding the contract to Nichter as the "lowest responsible, responsive bidder". (Appeal from judgment of Supreme Court, Erie County, Doyle, J. —art 78.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.