■ PENN ADVERTISING, INC., Appellant, v CITY OF BUFFALO, Respondent. [613 NYS2d 84] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: There is no merit to the contention that Supreme Court erred in denying plaintiff's

motion for summary judgment. The party challenging the constitutionality of a legislative enactment bears a heavy burden because legislative enactments are afforded a strong presumption of validity *(see, Holt v County of Tioga,* 56 NY2d 414, 417). The presumption can be overcome only "by proof persuasive beyond a reasonable doubt" *(Hotel Dorset Co. v Trust for Cultural Resources,* 46 NY2d 358, 370). Plaintiff failed to establish its entitlement to judgment as a matter of law.

Supreme Court erred, however, in granting in its entirety defendant's cross motion for summary judgment and in declaring that the enactments are valid, constitutional legislative enactments. Defendant's concession that the fees imposed by the legislative enactments in question were enacted at least in part to offset the costs incurred by the City in assessing property essentially admits that the fees were at least in part an impermissible tax *(see, Matter or Torsoe Bros. Constr. Corp. v Board of Trustees,* 49 AD2d 461, 465).

Additionally, questions of fact exist whether the amendments impermissibly restrain and abridge plaintiff's free speech rights. Although defendant has enumerated several governmental interests that the legislative enactments would serve, it has failed to establish as a matter of law that the legislative enactments were adopted for those purposes.

Similarly, questions of fact exist whether plaintiff's due process rights were violated because defendant failed to establish as a matter of law that the enactments are reasonably related to the purported governmental objectives being served, as required *(see, Russell v Town of Pittsford,* 94 AD2d 410, 415).

Supreme Court properly dismissed the fifth cause of action alleging a violation of plaintiff's equal protection rights. The legislative enactment's distinction between accessory and non-accessory signs need have only a rational basis and there are legitimate reasons to make such a distinction between off-site and on-site advertising *(see, Metromedia, Inc. v San Diego,* 453 US 490, 507).

Supreme Court also properly dismissed plaintiff's third cause of action alleging that the legislative amendments impermissibly burden interstate commerce. "[T]he commerce clause interposes no barrier to [the] effective control of advertising essentially local" by the State *(Packer Corp. v Utah,* 285 US 105, 112).

Finally, we conclude that Supreme Court erred in granting

summary judgment dismissing plaintiff's sixth cause of action alleging a violation of 42 USC § 1983. Because questions of fact exist concerning the violation of plaintiff's First Amendment and due process rights, defendant failed to establish as a matter of law that plaintiff is not entitled to relief under section 1983.

Thus, we modify the judgment appealed from by reinstating the first, second, fourth and sixth causes of action and by vacating the declaration made. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Declaratory Judgment.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.