OPINION OF THE COURT
Peter R. Sprague, J.
issue
This application comes before the court pursuant to an order to show cause issued on February 3, 1997.
The question before the court is this:
May the County Court, as "[[licensing officer” for the County of Allegany (see, Penal Law § 265.00 [10]), in response to a *106 request by an adult of the Amish faith, dispense with the statutory requirement of a photograph of such person on an application for a pistol permit (see, Penal Law § 400.00 [3])?
PROCEDURAL POSTURE
For the sake of expediency and brevity the court will not expressly reiterate the findings it made from the Bench on March 27, 1997; rather, the court will incorporate by reference those stenographically recorded oral findings.
APPLICABLE STATUTE
At this threshold stage, the court need not consider or speculate as to whether applicant Miller ultimately will meet the "[eligibility” requirements for the privilege of a pistol permit (see, Penal Law § 400.00 [1]).
Rather, the court need address only the narrow issue of whether the prerequisite of a photograph for application purposes is unconstitutionally imposed in this "fact-specific” case.
Accordingly, the court begins by setting forth pertinent provisions of subdivision (3) (a) of Penal Law § 400.00: "Applications shall be made * * * in the case of a license to carry or possess a pistol or revolver, to the licensing officer in the * * * county * * * where the applicant resides * * * Blank applications shall * * * be approved as to form by the superintendent of state police. An application shall state the full name, date of birth, residence, present occupation of each person * * * signing the same * * * and such other facts as may be required to show the good character, competency and integrity of [such] person * * * An application shall be signed and verified by the applicant. Each individual signing an application shall submit one photograph of himself and a duplicate for each required copy of the application. Such photographs shall have been taken within thirty days prior to filing the application” (emphasis added).
ANALYSIS
In Penn Adv. v City of Buffalo (204 AD2d 1012, 1013 [1994], citing Holt v County of Tioga, 56 NY2d 414, 417), the Appellate Division, Fourth Department, reiterated that a "party challenging the constitutionality of a legislative enactment bears a heavy burden because legislative enactments are afforded a strong presumption of validity”. The Fourth Department stated (supra, at 1013), "The presumption can be overcome only 'by *107 proof persuasive beyond a reasonable doubt’ ” (quoting Hotel Dorset Co. v Trust for Cultural Resources, 46 NY2d 358, 370).
In the New York Constitution, the "Bill of Rights” is set forth in article I. Of particular relevance to the immediate question is section 3 of article I, which relates to freedom of worship and religious liberty.
In part, article I, § 3 reads as follows: "The free exercise and enjoyment of religious profession and worship, without discrimination or preference, shall forever be allowed in this state to all mankind”.
The court emphasizes that although the instant application involves "constitutional” construction (see also, US Const 1st Amend), this is not a "right to bear arms” case. The appellate courts in New York, noting the discretionary authority vested in licensing officers, repeatedly have stressed that "the possession of a handgun license is a privilege, not a right” (Matter of Fondacaro v Kelly, 234 AD2d 173, 177 [emphasis added]).
The Establishment Clause of the First Amendment of the United States Constitution states that "Congress shall make no law respecting an establishment of religion” (see, Grumet v Board of Educ., 81 NY2d 518, 526). In Grumet (at 526, citing Everson v Board of Educ., 330 US 1; Murdock v Pennsylvania, 319 US 105; Grand Rapids School Dist. v Ball, 473 US 373, 382), the New York Court of Appeals wrote: "The First Amendment is made applicable to the States by the Fourteenth Amendment * * * It is said that the Establishment Clause of the First Amendment means at least that '[n]either a state nor the Federal Government * * * can pass laws which aid one religion, aid all religions, or prefer one religion over another’ * * * As such, Federal and State governments must 'maintain a course of neutrality among religions, and between religion and non-religion’ ”.
Indeed, it has been observed that it is largely the "rich religious pluralism that characterizes and distinguishes this Nation”. (Ware v Valley Stream High School Dist., 75 NY2d 114, 123.)
In terms of the statutory language of Penal Law § 400.00 (3), it is hardly surprising that the Legislature has required a photograph to be submitted with an application for a pistol permit. Since a photograph substantially enhances the ability of the law enforcement officers doing the "background check” to positively identify the applicant, it must be conceded that *108 this legislative enactment is "reasonably related” to legitimate governmental concerns. Having a photograph physically "on” the permit also facilitates immediate identification by law enforcement officers in the field, if the application for a permit is ultimately granted. Accordingly, this is a situation that "requires a balancing of the competing interests at stake: the importance of the right asserted and the extent of the infringement are weighed against the [governmental] needs and objectives being promoted” (Matter of Lucas v Scully, 71 NY2d 399, 406).
The court acknowledges the ramifications of a precedent that would permit a dispensation, on "religious freedom” grounds, with the requirement of a photograph.
Arguably, there is potential for abuse in future cases where an applicant for a handgun license wanting to thwart the identification process might feign religious scruples. The intended, salutary screening procedure — for the protection and welfare of society in general — could be seriously undermined.
On the other hand, such fears may be based on an unwarranted presumption that licensing officers in future cases will not be able to detect whether an applicant’s religious reservations about being photographed are genuine and sincere. Short of conducting an ecclesiastical court, there are ways for a licensing officer, on a case-by-case basis, to verify the sincerity of such religious beliefs.
Moreover, such fears may be based on an unsound conclusion that there are no suitable and effective safeguards alternative to a photograph. In the proceeding at bar, for example, Mr. Miller has represented to the court that it would not be "against his religion” for him to be fingerprinted, as opposed to being photographed. Photography is not the only medium of identification, although, obviously, it is a highly convenient, standardized, and efficient one. The court takes judicial notice for example, in this era of fast-changing technology, that "thumb-print” identification is used to ensure food stamps are not being abused or stolen.
Subdivision (3) (a) of Penal Law § 400.00 explicitly says "shall submit [a] photograph” (emphasis added). Nonetheless, it has been observed that "[i]n determining whether a [statutory] provision is mandatory or directory the end sought to be attained * * * is always important to be considered” (McKinney’s Cons Laws of NY, Book 1, Statutes § 171, at 335, citing Matter of Cuddeback, 3 App Div 103).
Courts frequently cite policies favoring disposition of matters on the merits, rather than on preliminary, procedural *109 technicality: hence the phrase, "not exalting form over substance.” While such citations are usually found within the context of civil cases, the policies really have a universal soundness and applicability.
The Appellate Division, Fourth Department, in Matter of Vogel v Blackwell (225 AD2d 1091, 1092 [1996], quoting Ajay Glass & Mirror Co. v County of Erie, 155 AD2d 988, 988-989), recently stated, " 'It is fundamental that a court should not decide a constitutional issue except where it is unavoidable, and should not decide a case on constitutional grounds where the decision may be based on alternative, nonconstitutional grounds’ ”. Furthermore, the doctrine of separation of powers requires that, generally, statutory exceptions should be the product of legislative action, not judicial or administrative action.
Opposing the application, the Assistant Attorney-General has argued very ably and cogently that the State’s interests in requiring a photograph are "compelling”, extending beyond mere administrative convenience. She has correctly pointed out that section 3 of article I of the New York Constitution provides: "the liberty of conscience hereby secured shall not be so construed as to * * * justify practices inconsistent with the peace or safety of this state.”
The court has reviewed the opinion of the Second Department in Matter of Parker v Nastasi (97 AD2d 547 [1983], affd 62 NY2d 714). In Parker, the police were not able to obtain an acceptable set of fingerprints from a pistol permit applicant who was afflicted with the skin condition psoriasis. The Second Department affirmed the denial of his application, and quoted language from the United States Supreme Court decision in Gant v Oklahoma City (289 US 98, 102-103): " 'An otherwise valid statute or ordinance conferring a privilege is not rendered invalid merely because it chances that particular persons find it * * * impossible to comply with precedent conditions upon which enjoyment of the privilege is made to depend.’ ” (Supra, at 548.)
Given the exalted stature of religious freedom guaranteed by the Federal and State Constitutions and the undesirability of creating even an appearance that an applicant is precluded from applying for a pistol permit solely because of his religious convictions, the court concludes that the instant application is distinguishable from Parker (supra). The court concludes that Mr. Miller’s application for an order dispensing with the requirement of a photograph must be granted, provided that *110 he submits to fingerprinting and provided further that he provides law enforcement authorities with an alternative means of immediate personal identification.
In view of the conclusion reached by it, the court recognizes that an appeal by the respondent to the Appellate Division of State Supreme Court is very likely. With this probability in mind, the court finds it incumbent upon itself to warn applicant Miller, a layperson, of the perils and risks of proceeding without the benefit of professional legal counsel, trained and experienced in the critically relevant areas of constitutional, statutory, and decisional law, both procedural and substantive. While it is, of course, an applicant’s right to appear pro se and to waive legal counsel, the court feels very strongly that the applicant seeking to do so should be fully aware of the disadvantages and pitfalls of pro se advocacy and self-representation whether at the initial court level, or at the appellate level.
The court emphasizes that its ruling is limited to this particular case, in its unique context, and that it is not striking down the "photograph” statute in "wholesale fashion”. The court also emphasizes that it would be regressive and incongruous in this age of "political correctness” and sensitivity to diverse cultures and faiths for the court to deny Mr. Miller’s obviously sincere and humble request.
ORDER
In implementation of the foregoing decision it is hereby (1) ordered that the application of Daniel R. Miller for an exemption from the mandatory photograph requirements of Penal Law § 400.00, on the grounds of his religious tenets, is granted, effective on and after July 1, 1997; and it is further (2) ordered, that on and after July 1, 1997, that a notation of "photograph judicially waived” shall be placed on the application forms on the "green colored” permit form and any other pertinent application permitting and licensing documentation; and it is further (3) ordered that the court makes no determination as to whether Daniel R. Miller meets the eligibility requirements prescribed by Penal Law § 400.00 and makes no determination as to whether a pistol permit should be issued to him, such determinations to be deferred until the usual application and investigation processes contemplated by subdivisions (3) and (4) of Penal Law § 400.00 have been completed; and it is further (4) ordered that the court is not waiving or dispensing with any of the statutory application requirements other than the *111 requirement of a photograph, and is not waiving or dispensing with the requirement that Daniel R. Miller provide law enforcement officials with his fingerprints.