[684 NYS2d 368]

In the Matter of DANIEL R. MILLER, Respondent. JAMES W.
McMAHON, as Superintendent of the New York State Po-
lice, Appellant.

Fourth Department, December 31, 1998

## APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany (*Daniel Smirlock* of counsel), for appellant.

*Daniel R. Miller,* Fillmore, respondent *pro se.*

## OPINION OF THE COURT

BALIO, J.

Petitioner, a member of the Amish faith, applied for a pistol permit. The Allegany County Sheriff refused to process the application until petitioner submitted a photograph, as required by Penal Law § 400.00 (3). Petitioner commenced this proceeding seeking an order directing the Sheriff to exempt him from the statutory requirement that he submit a photograph as part of his application for a pistol permit on the ground that the photograph requirement violates his constitutional rights to the free exercise of his religious beliefs (*see,* US Const 1st Amend; NY Const, art I, § 3). County Court determined that petitioner was entitled to an exemption on religious grounds (*Matter of Miller,* 172 Misc 2d 105). We disagree.

In analyzing whether a statutory requirement violates an individual's constitutional right to the free exercise of religion under the US Constitution, courts historically have applied a balancing test to determine whether a requirement that substantially burdens a religious practice is justified by a compelling governmental interest (*see, Employment Div. v Smith,* 494 US 872, 882-883, *reh denied* 496 US 913; *Sherbert v Verner,* 374 US 398, 402-403). That balancing test has been rejected, however, where the requirement is set forth in a neutral law of general applicability, i.e., a law that is not specifically directed at a religious practice and is otherwise

valid (*see, Boerne v Flores*, 521 US 507, 117 S Ct 2157; *Employment Div. v Smith, supra*, at 879; *Matter of New York State Empl. Relations Bd. v Christ the King Regional High School*, 90 NY2d 244, 248). Thus, "a generally applicable and otherwise valid enactment, which is not intended to regulate religious conduct or beliefs but which may incidentally burden the free exercise of religion, is not deemed to violate the First Amendment" (*Matter of New York State Empl. Relations Bd. v Christ the King Regional High School, supra*, at 248).

Penal Law § 400.00 (3) (a) requires each applicant for a pistol permit or license to "submit one photograph of himself and a duplicate for each required copy of the application. Such photographs shall have been taken within thirty days prior to the filing of the application." The permit or license, when issued, "shall have attached the licensee's photograph" (Penal Law § 400.00 [7]), and every licensee, while carrying a pistol or revolver, must have the license or permit on his person and, upon demand by an appropriate official, produce the license for inspection (*see*, Penal Law § 400.00 [8]).

Penal Law § 400.00, insofar as it requires each applicant for a pistol permit or license to submit a photograph with the application and requires each licensee to produce that photograph upon demand, is a law of general application. The requirement of a photograph serves a legitimate public safety function by providing law enforcement officials with an immediate means of ascertaining whether a person in possession of a pistol or revolver has the lawful right to possess it. The requirement is not designed, facially or otherwise, to discriminate against certain applicants in the exercise of their religion. Thus, although the requirement of a photograph may incidentally affect the exercise of religious beliefs by members of the Amish faith, it does not violate the Free Exercise Clause of the US Constitution (*see*, US Const 1st Amend; *Boerne v Flores, supra*; *Employment Div. v Smith, supra*).

We reach the same conclusion under our analysis of the NY Constitution, which provides: "The free exercise and enjoyment of religious profession and worship, without discrimination or preference, shall forever be allowed in this state to all mankind; and no person shall be rendered incompetent to be a witness on account of his opinions on matters of religious belief; but the liberty of conscience hereby secured shall not be so construed as to excuse acts of licentiousness, or justify practices inconsistent with the peace or safety of this state" (NY Const, art I, § 3). The Court of Appeals has not definitively

stated whether the scope of that provision is coextensive with the Free Exercise Clause of the First Amendment of the US Constitution, nor has it decided whether the analytical approach adopted by the United States Supreme Court in *Employment Div. v Smith (supra)* should be applied in resolving claims that NY Constitution, article I, § 3 has been violated. We need not, however, decide either issue in this case. We conclude that, even upon applying the traditional balancing test, which provides greater protection to an individual's free exercise of religion than the facially neutral and generally applicable standard set forth in *Employment Div. v Smith (supra; see, Boerne v Flores, supra,* 521 US, at 534 ["the most demanding test known to constitutional law"]), the photograph requirement of Penal Law § 400.00 does not unconstitutionally infringe upon petitioner's free exercise rights under NY Constitution, article I, § 3.

The traditional balancing test involves a two-step analysis: (1) whether the party claiming the free exercise right has established a sincerely held religious belief that is burdened by the statutory requirement; and (2) whether the State has demonstrated that "the requirement nonetheless serves a compelling governmental purpose, and that an exemption would substantially impede fulfillment of that goal" (*Ware v Valley Stream High School Dist.,* 75 NY2d 114, 124). The State has not challenged whether petitioner's religious belief is sincere. It is an Amish belief that submission to a photograph would violate the Second Commandment by creating a likeness of God's creation (*see, Quaring v Peterson,* 728 F2d 1121, 1123-1125, *affd sub nom. Jensen v Quaring,* 472 US 478; *Bureau of Motor Vehicles v Pentecostal House of Prayer,* 269 Ind 361, 380 NE2d 1225). However, under the circumstances of this case, the photograph requirement does not substantially burden the free exercise of petitioner's religious belief. Petitioner acknowledges that the sole reason he seeks a pistol permit is to hunt deer in the Southern Tier region of the State. He further acknowledges that he could hunt deer by other means that would not require a license or the submission of a photograph but prefers the use of a pistol or revolver for deer killing. Deer hunting does not implicate a tenet of the Amish faith, and the availability of other options reduces significantly the burden imposed upon petitioner's exercise of religious beliefs (*see, State v Bontrager,* 114 Ohio App 3d 367, 374-375, 683 NE2d 126, 130, *appeal dismissed* 78 Ohio St 3d 1411, 675 NE2d 1249).

Although the governmental interest in requiring photographs on a driver's license for identification purposes is not compel-

ling enough to justify the burden placed on the driver's exercise of religious beliefs (*see, Quaring v Peterson, supra; Bureau of Motor Vehicles v Pentecostal House of Prayer, supra; cf., Dennis v Charnes*, 805 F2d 339), the compelling governmental interest in enforcing criminal laws that involve both the possession and use of firearms and public safety by immediate photographic identification justifies the burden placed upon petitioner's exercise of religious beliefs (*see, United States v Slabaugh*, 852 F2d 1081, *cert denied* 488 US 1032). The affidavit of the Superintendent of the New York State Police states that availability of the photograph on the license enables law enforcement officials to determine immediately whether the person possessing the handgun is the same person identified on the license and thus whether possession of the handgun is lawful. Further, the court's direction that petitioner provide the Sheriff with an alternative means of immediate identification in addition to the statutory requirement of fingerprinting does not justify an exemption from the statutory requirement of a photograph. There is no evidence that petitioner can provide an alternate means of immediate identification. For example, there is no evidence that petitioner has unique physical characteristics or marks that by verbal description would ensure an immediate and accurate identification (*cf., United States v Slabaugh, supra*, at 1083).

Accordingly, the judgment should be reversed and the petition dismissed.

GREEN, J. P., WISNER, PIGOTT, JR. and FALLON, JJ., concur.

Judgment unanimously reversed, on the law, without costs, and petition dismissed.